# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


**06-1531**


LILLIE MAE MIDDLETON

VERSUS

CITY OF NATCHITOCHES

**\*\*\*\*\*\*\*\*\*\***

**APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, DOCKET NO. 77,892, DIV. A
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE**

**\*\*\*\*\*\*\*\*\*\***

**JAMES T. GENOVESE
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Jimmie C. Peters, Billy Howard Ezell, and James T. Genovese, Judges.


**AFFIRMED.**


**William P. Crews, Jr.**
**William P. Crews, Jr., L.L.C.**
**Post Office Box 226**
**Natchitoches, Louisiana 71458-0226**
**(318) 356-8001**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **City of Natchitoches**


**C. R. Whitehead, Jr.**
**Whitehead Law Offices**
**Post Office Box 697**
**Natchitoches, Louisiana 71458-0697**
**(318) 352-6481**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Lillie Mae Middleton**

**GENOVESE, Judge.**

The City of Natchitoches appeals a judgment of the Tenth Judicial District Court upholding a decision by the Natchitoches Municipal Fire and Police Civil Service Board (Board) which granted Lillie Mae Middleton's motion for summary judgment. The Board's decision, in effect, reversed the City of Natchitoches's demotion of Lillie Mae Middleton from the position of Records Clerk Supervisor for the Natchitoches Police Department to the position of Records Clerk. For the following reasons, we affirm the judgment of the district court.

## DISCUSSION OF THE RECORD

According to the record, Lillie Mae Middleton (Middleton) began her employment with the Natchitoches Police Department (Department) on November 5, 1979. In September of 1980, she became a classified civil servant as the Department's sole Records Clerk. In September of 2001, the Department created the position of Records Clerk Supervisor, and Middleton was promoted to that position based on her seniority. She was also given an increase in pay commensurate with her promotion. Middleton was tenured under Louisiana's Classified Civil Service Law[1] as a Records Clerk; however, from its inception, the position of Records Clerk Supervisor was not an approved position under Louisiana's Classified Civil Service Law. In late 2003, Middleton took and passed the civil service test and, on January 4, 2004, the position of Records Clerk Supervisor for the Department officially became a classified civil service position. It is at this point that the City of Natchitoches (City) and Middleton differ.

The record reveals that Middleton was summoned to the office of Keith Wayne

---

[1]Louisiana Revised Statutes 33:2471, *et seq*.

1

Thompson (Chief Thompson), the Interim Chief for the Natchitoches Police Department, on the morning of October 27, 2004. When she joined Chief Thompson in his office, there were three other individuals also present: Chris Stanfield (Stanfield), Assistant Chief for the Natchitoches Police Department; Lieutenant Micky Dove; and Edd Lee, the Human Resource Officer for the City. Chief Thompson advised Middleton that the meeting was being recorded and told her, "We need to talk to you about the operations of the Records Division and uh, your performance as supervisor of Records . . . ." Stanfield read aloud a letter he sent to Chief Thompson on September 27, 2004, which alleged inadequacies in Middleton's job performance since becoming Records Clerk Supervisor. Among his complaints were: Middleton showed favoritism towards certain subordinates; Middleton was intimidating and demeaning; and Middleton exhibited poor grammar and communication skills. Stanfield's letter declared, in pertinent part:

> Therefore, it is my recommendation that she NOT be confirmed in the position of Records Clerk Supervisor, and placed in the position of inputting incident reports in the computer system. This will take her out of the position of having to deal with co-workers, and the public, and will hopefully help the morale of the entire records division, in that she will be in a separate building and they will no longer have to deal with the favoritism and demeaning way that they have been treated over the past three years.

Chief Thompson advised Middleton that the complaints contained in Stanfield's letter prompted him to conduct an investigation and, after speaking with individuals in the Natchitoches Parish District Attorney's office, the Judge's office, and with the mayor of Natchitoches, Wayne McCullen (Mayor McCullen), Stanfield's allegations were reportedly corroborated. Middleton was allowed the opportunity to respond, after which Chief Thompson advised her that he had also investigated alleged discrepancies with citations, reports, and the cash box. Middleton was again

2

given an opportunity to respond and was then asked by Chief Thompson to step out of his office and wait. After what Middleton described as "a moment," she was called back into Chief Thompson's office and told that she was not being confirmed in the position of Records Clerk Supervisor. Chief Thompson first read aloud, then hand-delivered, a letter to Middleton signed by both him and Mayor McCullen. The letter, dated October 25, 2004, two days prior to this meeting, stated, in pertinent part: "You [will] not be confirmed in the position of Records Clerk Supervisor. You will be placed in your prior position with the appropriate adjustment in pay according to Civil Service." The letter also advised Middleton of her right to appeal.

On October 29, 2004, Middleton appealed the City's action against her to the Natchitoches Municipal Fire and Police Civil Service Board. In her appeal, Middleton asserted that she was a civil servant who was terminated from her position as Records Clerk Supervisor and demoted to her former position of Records Clerk in violation of the right to due process guaranteed to her as a civil servant pursuant to La.Const. art. 1, § 2 and La.Const. art. 10, § 8.[2]

The City disputed Middleton's appeal, asserting that on October 27, 2004, she was a working test employee while occupying the position of Records Clerk

---

[2]Louisiana Constitution Article 1, § 2 provides "[n]o person shall be deprived of life, liberty, or property, except by due process of law."

Louisiana Constitution Article 10, § 8 provides, in pertinent part:

> (A) Disciplinary Actions. No person who has gained permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing. A classified employee subjected to such disciplinary action shall have the right of appeal to the appropriate commission pursuant to Section 12 of this Part. The burden of proof on appeal, as to the facts, shall be on the appointing authority.

3

Supervisor since January 4, 2004. *See* La.R.S. 33:2495.[3] The City argued that Middleton was not tenured under Louisiana's Classified Civil Service Law in the position of Records Clerk Supervisor; therefore, the procedural due process requirements were inapplicable.

_____

[3]Louisiana Revised Statutes 33:2495 provides, in pertinent part:

A. Every person appointed to a position in the classified service following the certification of his name from a promotional or a competitive employment list, except those appointed on a temporary basis, shall be tested by a working test while occupying the position before he may be confirmed as a regular and permanent employee in the position.

B. (1)(a) Except as provided in Paragraphs (2) and (3) of this Subsection, the period of the working test shall commence immediately upon appointment and shall continue for a period of not less than six months nor more than one year. Any employee, except an entry level fireman and an entry level radio, fire alarm, or signal system operator, who has served less than six months of his working test for any given position may be removed therefrom only with the prior approval of the board, and only upon one of the following grounds:

(i) He is unable or unwilling to perform satisfactorily the duties of the position to which he has been appointed.

(ii) His habits and dependability do not merit his continuance therein.

(b) Any such employee may appear before the board and present his case before he is removed.

. . . .

C. Upon any employee completing his working test, the appointing authority shall so advise the board and furnish a signed statement to the respective employee of its confirmation and acceptance of the employee as a regular and permanent employee in the respective position or of its refusal to confirm the employee and the reasons therefor. If, at the expiration of an employee's working test period, the appointing authority fails to confirm or reject the employee, such failure to act shall constitute a confirmation. Any employee who is rejected after serving a working test of six months but not more than one year may appeal to the board only upon the grounds that he was not given a fair opportunity to prove his ability in the position.

D. The appointing authority may remove, and shall remove upon the order of the board, any employee during his working test period who the board finds, after giving him notice and an opportunity to be heard, was appointed as a result of an error, misrepresentation, or fraud.

E. In any event where an employee is permitted under this Section to appeal to the board, the decision of the board shall be subject to the judicial review provided by this Part and the appointing authority and employee shall be governed accordingly.

4

Prior to a hearing on the merits of her appeal before the Board, Middleton filed motions for "summary dismissal" to have the City's disciplinary action against her dismissed due to the City's failure to afford her due process under the principles enunciated in *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985), and for the City's failure to provide her written notice as required by La.R.S. 33:2500(D) which states, "[i]n every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefor." In her motions for summary dismissal, Middleton asserted that the lack of notice prevented her from having a reasonable opportunity to prepare for and to respond to the City's allegations.

At the hearing on Middleton's motions, the Board heard testimony from Middleton regarding the lack of prior notice that a disciplinary hearing or pre-termination hearing was scheduled for October 27, 2004. Testimony was also elicited from Chief Thompson. Board Member Doris Robinson asked, "When did Ms. Middleton first learn that she was going to have a meeting on October the 27th?" Chief Thompson replied, "The day of the 27th." Following the Board's hearing[4] on Middleton's motions for summary judgment, the Board offered Written Findings of Pertinent Facts as follows:

> Officer Lillie Mae Middleton began working in the City of Natchitoches Police Records Department beginning in September 1980 as the sole employee in that department. Ultimately, additional personnel were hired in that department and she was appointed as Records Clerk Supervisor with a commensurate increase in pay and duties in September 2001.

---

[4]The Board actually held two hearings resulting in the same decision. The second hearing was held for the purpose of rectifying the board's error of going into executive session, when the hearing should have been an open hearing in accordance with La.R.S. 33:2501(B)(1).

It was later determined that there was no classified position under civil service in the City of Natchitoches Police Department of Records Clerk Supervisor, however, Officer Middleton continued with the same pay, title and duties. Subsequent to September 2001 and prior to October 27, 2004, the position of Records Clerk Supervisor was classified under civil service and Officer Middleton continued with her duties and responsibilities.

On October 27, 2004, Records Clerk Supervisor Lillie Mae Middleton was requested to attend a meeting with Assistant Chief Chris Stanfield, Chief Keith Thompson and others and was demoted from Departmental Records Clerk Supervisor to Departmental Records Clerk.

Officer Middleton was requested by Asst. Chief Stanfield to follow him to a meeting with Chief Thompson, himself, Lieutenant Micky Dove and Edd Lee, City of Natchitoches Personnel Director. During that meeting, concerns with Officer Middleton's job performance and supervisory skills were discussed. After an undetermined amount of time, Chief Thompson, Assistant Chief Stanfield, Lieutenant Micky Dove and Edd Lee excused Officer Middleton and had a private discussion concerning Officer Middleton for an undetermined amount of time described as "moments" or "minutes[.]" Officer Middleton was requested to return to the meeting and was handed a letter dated October 25, 2004 signed by Mayor Wayne McCullen and Chief Thompson demoting Officer Middleton from Records Department Supervisor to Records Department Clerk with an appropriate decrease in her pay.

On October 29, 2004, Officer Middleton mailed a request for an appeal to the action taken against her.

A hearing date was scheduled but after agreement by all parties it was continued a couple of times until February 25, 2005 when a hearing was had by the Natchitoches Fire and Police Civil Service Board ("Board"). Between the filing of the appeal by Officer Middleton and the hearing date, Officer Middleton obtained legal representation and her attorney filed various motions and briefs. Two of the motions filed were a Motion for Summary Dismissal of Disciplinary Action for lack of a proper predetermination hearing and Motion for Summary Dismissal of Disciplinary Action for Lack of Due Process for failure to give adequate notice and a reasonable opportunity to respond.

Following the hearing and presentation of witnesses and evidence relating to a Motion for Summary Dismissal of the disciplinary action against Officer Lillie Mae Middleton from her demotion from Departmental Records Supervisor of the Natchitoches City Police to Records Clerk, the Natchitoches Municipal Fire and Police Civil Service Board made a motion to enter into executive session to discuss legal

6

opinions from their attorney, Charlie Dirks, with Avant & Falcon regarding whether the requirements of notice and a reasonable opportunity to respond were provided to Officer Lillie Mae Middleton for a predetermination hearing and/or was she provided due process. Following a motion by Chris Payne which was seconded by Eric Rachal, the motion to enter into executive session carried unanimously. Following a motion by Doris Robinson which was seconded by Chris Payne, the motion to come out of executive session carried unanimously. Following a motion by John Brittain which was seconded by Chris Payne, the motion to reinstate Lillie Mae Middleton as Police Department Records Clerk Supervisor retroactive to October 27, 2004 to February 25, 2005 and in the same capacity she was in October 26, 2005 [sic] carried unanimously.

NOTE: The City of Natchitoches was allowed to proffer testimony that the Board deemed inadmissible/irrelevant to the hearing on the Motions for Summary Dismissal outside of the presence of the Natchitoches Municipal Fire and Police Civil Service Board and requested a suspensive appeal from the Board's ruling. The Natchitoches Municipal Fire and Police Civil Service Board indicated that the City of Natchitoches could proffer the evidence after the hearing outside the presence of the Board and that whatever the law would allow is how the City of Natchitoches could proceed regarding an appeal.

On March 15, 2005, the City of Natchitoches faxed a written notice of appeal in the form of a letter to the Board Chairman's office from their attorney, William Crews.

The Board concluded that Middleton was not afforded due process because she did not receive sufficient notice of a pre-termination (*Loudermill*) hearing prior to October 27, 2004. The Board ordered Middleton reinstated to the position of Records Clerk Supervisor.

The City appealed the Board's ruling to the Tenth Judicial District Court, seeking to have the decision reversed. The City reiterated its argument that Middleton was a working test employee and, thus, it asserted that the scope of Middleton's appeal to the Board should have been limited to whether or not she was given a fair opportunity to prove her ability in the supervisory position. *See* La.R.S. 33:2495(C). The City argued that the Board's decision, based on the lack of

procedural due process, was erroneous because, as a working test employee, Middleton was not entitled to the same constitutional guarantees of advanced written notice as a civil servant.

On February 23, 2006, after reviewing the arguments of counsel, the district court issued Written Reasons for Judgment finding in favor of Middleton. A judgment was signed by the district court upholding the Board's decision on March 2, 2006. It is from this judgment that the City appeals. Middleton answered the City's appeal to assert that she is entitled to damages for a frivolous appeal pursuant to La.Code Civ.P. art. 2164.

## ISSUES

The City appeals the judgment of the district court, asserting the following assignments of error:

1. The trial court erred in, by implication, concluding that the actions taken by the City of Natchitoches regarding employee, Lillie Mae Middleton, were not in good faith and for just cause.

2. The trial court erred in holding, by implication, that the actions taken by the City of Natchitoches were "disciplinary in nature" and therefore a *Loudermill* hearing was required.

3. The trial court was manifestly erroneous in affirming the granting of employee's motion for summary judgment by the Civil Service Board when issues of material fact were inherent.

## STANDARD OF REVIEW

Appellate courts review grants of summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Ocean Energy, Inc. v. Plaquemines Parish Gov't*, 04-0066 (La. 7/6/04), 880 So.2d 1. The movant bears the burden of proof. La. C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. *Richard v. Hall*, 03-1488 (La. 4/23/04), 874 So.2d 131,

8

137. Thereafter, if plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. *Id.* This court has recognized that a "genuine issue" is a "triable issue," an issue in which reasonable persons could disagree. *Jones v. Estate of Santiago*, 03-1424 (La. 4/14/04), 870 So.2d 1002, 1006 (citing *Smith v. Our Lady of the Lake Hosp.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 751). Further, this court has defined a "material fact" to be one in which "its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery." *Id.*

*Champagne v. Ward*, 03-3211, pp. 4-5 (La. 1/19/05), 893 So.2d 773, 776-77.

## DISCUSSION

The parties clearly dispute Middleton's status. The City argues that Middleton was merely a working test employee and that both the Board and the district court erred in treating her as a civil servant. Middleton disputes the City's contention that she was a simply a working test employee arguing "once . . . appointed to the non-civil service position of [Records Clerk Supervisor], [she] worked in that position for a number of months (28) before the position was created[;] therefore[,] she should be disciplined as a permanent employee in the service which would place the burden of proof for her demotion on the City."

The district court agreed with the Board's finding that Middleton was not a working test employee. In its Written Reasons for Judgment, the district court, citing as authority in a footnote *Board v. Housing Authority of New Orleans*, 590 So.2d 1258 (La.App. 1 Cir. 1991), declared, in pertinent part:

This court need not reach a determination of whether she [Middleton] was a working test employee or had acquired permanent status. Since due process is not a technical concept with a fixed content unrelated to time, place and circumstances, precisely what process is due in a given case is dependent upon the peculiar facts involved.

Ms. Middleton served in the unclassified position of Record Clerk Supervisor from September 2001 until October 2003, and then served in the classified position for almost another year. She served in the classified position without a competitive process. As such, she attained

9

sufficient property rights in the position to entitle her to advance notice of the allegations and termination hearing, so as to have an opportunity to prepare and respond.

Because these due process requirements were not complied with, the court finds that her appeal to the Board was appropriate, and the Boards' [sic] ruling was correct.

In its brief to this court, the City contends that both the Civil Service Board and the district court erred when it overruled the City's actions and reinstated Middleton to the position of Records Clerk Supervisor. The City reiterates "[its] failure . . . to certify Ms. Middleton for the position of 'supervisory' [sic] was neither a 'dismissal' nor a 'disciplinary action' and, therefore, *Loudermill* is inapplicable." The City also continues to argue "[o]nce the position was duly certified, Ms. Middleton then performed, under the Civil Service rules, a work test period. Thereafter, the City did not certify Ms. Middleton for that position and returned her to the position of 'Records Clerk'."

After reviewing the record, we find the trial court was correct in its analysis. The City failed to prove that Middleton was a working test employee or that there was any such working test period to which she was assigned. All factors in the record considered, the City accepted Middleton as a civil servant. Middleton had attained sufficient property rights in the position of Records Clerk Supervisor to entitle her to advance notice of the allegations and a pre-termination (*Loudermill*) hearing. The City created this position and, after Middleton successfully passed the required test, it promoted her based on her seniority and without a competitive process. Middleton accepted and served in the position for twenty-eight months before the City took disciplinary action and demoted her and then attempted to declare its actions legal pursuant to the working test statute.

10

Therefore, the only remaining question is whether the City satisfied the procedural due process requirements. A civil servant has a constitutionally guaranteed property right and cannot be deprived of this right without due process of law. *Plaisance v. City of Lafayette*, 94-1178 (La.App. 3 Cir. 3/1/95), 651 So.2d 414, *writ denied*, 95-841 (La. 5/5/95), 654 So.2d 334. *See also* U.S. Const. amend. XIV; La.Const. art. 1, § 2.

In *Plaisance*, this court discussed the procedural due process requirements guaranteed to civil servants:

> Due process requires "some kind of a hearing" prior to the termination of an employee with a constitutionally protected property interest in his employment. *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). However, the pretermination hearing does not have to be elaborate; nor does it have to definitively resolve the propriety of the discharge. Rather it should be a preliminary determination of whether there are reasonable grounds to believe that the charges against the employee are true and thereby act as a initial check against mistaken decisions. *Loudermill, supra*, citing *Bell v. Burson*, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971).

> *Loudermill* involved the termination of two classified civil service employees and posed the question of whether their due process rights had been violated. The United States Supreme Court held that all the process that is due is provided by a pretermination opportunity to respond, coupled with post-termination administrative procedures. In reaching this conclusion, the court noted that the essential requirements of due process are notice and an opportunity to respond. Specifically, in the employment situation, a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. *Loudermill, supra*, citing *Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974).

*Id*. at 416.

"The basic procedural due process requirements are notice and an opportunity to respond." *Cannon v. City of Hammond*, 97-2660, p. 4 (La.App. 1 Cir. 12/28/98), 727 So.2d 570, 572. Applying the above principles to the facts of this case, we find

that Middleton was not afforded the due process protections which she, as a classified civil servant, is guaranteed.

The City did not adequately fulfill the procedural due process requirements of notice and an opportunity to respond before it demoted Middleton. Though the City asserts that Middleton was aware of Stanfield's concerns regarding her job performance prior to October 27, 2004, she was not apprised of the additional issues raised by Chief Thompson which were not contained in Stanfield's letter. Thus, Middleton could not sufficiently respond to all of the complaints alleged against her by the City prior to her demotion and did not have the opportunity of attending the pre-termination hearing accompanied by an attorney. The City notified Middleton of the meeting only moments before it actually occurred. This notice, or lack thereof, is clearly insufficient. Further, even though Middleton was given an opportunity to respond in her own defense at said meeting, it is apparent that the City had already reached its decision prior to October 27, 2004. The letter which Chief Thompson read aloud and then hand-delivered to Middleton was dated October 25, 2004, and had already been signed by Mayor McCullen; yet, the mayor was not even present at the meeting.

Therefore, we affirm the judgment of the district court upholding the Board's decision to grant Lillie Mae Middleton's motion for summary judgment, reversing the City's demotion of Lillie Mae Middleton from the position of Records Clerk Supervisor for the Natchitoches Police Department to the position of Records Clerk.

## ANSWER TO APPEAL

In her answer, Middleton seeks damages in the form of attorney fees, arguing that the City has taken a frivolous appeal. Louisiana Code of Civil Procedure Article

2164 provides the authority for an appellate court to award damages for a frivolous appeal.

> If the court feels that counsel for the appellant does not seriously advocate the position taken or that the appeal was filed solely for dilatory purposes, then damages for frivolous appeal are appropriate. *Gallien v. Winn-Dixie*, 96-832 (La.App. 3 Cir. 12/11/96), 685 So.2d 531 (citing *Hampton v. Greenfield*, 618 So.2d 859 (La.1993)); *Doe v. Roman Catholic Church*, 94-1476 (La.App. 3 Cir. 5/3/95), 656 So.2d 5, *writ denied*, 95-2076 (La. 11/13/95), 662 So.2d 478. However, if even the slightest justification is found for the appeal, and even if the appellant does not prevail on appeal, damages will not be awarded. *Hawkins v. City of Jennings*, 97-1291 (La.App. 3 Cir. 3/6/98), 709 So.2d 292.

*Moraus v. Frederick*, 05-429, pp. 9-10 (La.App. 3 Cir. 11/2/05), 916 So.2d 474, 481-82.

The Louisiana Supreme Court has instructed appellate courts to award damages under La.Code Civ.P. art. 2164 only when an appeal is taken for purposes of delay or an appellate counsel is not sincere in the belief of the view he or she advances on appeal. *Hampton*, 618 So.2d 859. We find that the City raises viable issues on appeal and that there is evidence in the record of these proceedings that indicates this case does not warrant an award of damages for frivolous appeal. Neither the record nor the briefs indicate that counsel for the City does not seriously advocate the position taken, or that this appeal was filed as a dilatory tactic. Thus, we deny Middleton's request for damages for frivolous appeal.

## DECREE

For the foregoing reasons, we affirm the judgment of the district court upholding the decision of the Natchitoches Municipal Fire and Police Civil Service Board reinstating Lillie Mae Middleton to the position of Records Clerk Supervisor.

Further, we deny Middleton's request for damages for frivolous appeal.  We assess all costs of this appeal to the City of Natchitoches.

**AFFIRMED.**