# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-1458

**HONORABLE JACQUES M. ROY, ET AL.**

**VERSUS**

**ALEXANDRIA CIVIL SERVICE COMMISSION, ET AL.**

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 228,488
HONORABLE F. RAE SWENT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## MICHAEL G. SULLIVAN
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED.**

**Malcolm X. Larvadain**
**Attorney at Law**
**626 Eighth Street**
**Alexandria, Louisiana 71301**
**(318) 445-3533**
**Counsel for Plaintiffs/Appellants:**
**Honorable Jacques M. Roy**
**City of Alexandria**

**Eugene P. Cicardo, Jr.**
**Attorney at Law**
**Post Office Box 1128**
**Alexandria, Louisiana 71309-1128**
**(318) 445-2097**
**Counsel for Defendant/Appellee:**
**David Frazier, Jr.**

**Howard N. Nugent, Jr.**
**Nugent Law Firm**
**Post Office Box 1309**
**Alexandria, Louisiana 71309-1309**
**(318) 445-3696**
**Counsel for Defendant/Appellee:**
        **Alexandria Civil Service Commission**

**SULLIVAN, Judge.**

The Honorable Jacques M. Roy, in his capacity as Mayor and Appointing Authority for the City of Alexandria, and the City of Alexandria (collectively referred to as "the City"), appeal a judgment of the trial court affirming the decision of the Alexandria Civil Service Commission ("the Commission") to reverse the City's termination of David Frazier, Jr., and reinstating him to his former position with full back pay and $2,000.00 in attorney fees.

Mr. Frazier answers, seeking damages and costs for frivolous appeal.

For the following reasons, we affirm.

## ISSUE

There is no real dispute concerning the salient facts in this matter. Accordingly, resolution of this appeal depends on the answer to a purely legal question: May an appointing authority terminate an employee who is a member of the classified civil service based upon its belief that it risks exposure to potential future liability because of the employee's alleged propensity for violence?

## FACTS AND PROCEDURAL HISTORY

Mr. Frazier began working for the City as an Operator II in the Street Department in 1994. He received several promotions during his tenure with the City, and, at the time relevant to this appeal, he was the Supervisor of the Street Department.

Mr. Frazier's daughter, Kytara, was a freshman at Peabody Magnet High School in Alexandria, where she played on the girls' basketball team. On February 26, 2007, the team traveled by bus to Hammond, Louisiana, for a playoff game. Prior to tip-off, Kytara got into an argument with the team's assistant coach, Brandy

1

Kenney.[1]  As a result, Head Coach Michael Burkes[2] did not allow Kytara to play in the game.

According to Mr. Frazier, several parents of other team members called him from the game concerned about Kytara because she was not participating in the game, and she appeared to be upset.  Mr. Frazier called Coach Burkes on his cell phone in an effort to determine what was the matter with Kytara, but he was unable to reach him.  Mr. Frazier met the bus when it returned to the school at approximately 1:30 a.m.  Coach Burkes was confronted by Mr. Frazier when he exited the bus.  According to Mr. Frazier, he asked Coach Burkes, "What is the problem now?"; Coach Burkes replied, "I don't owe you no [sic] explanation at all." According to Coach Burkes, as he exited the bus, Mr. Frazier exclaimed, "You mother f_ _ _ers took my daughter way down to Hammond to embarrass her!"  Mr. Frazier then punched Coach Burkes on his left cheek, causing him to fall to his knees.

Ms. Kenney was exiting the bus as the altercation took place.  According to her testimony, Mr. Frazier then approached the bus asking, "Where is that white dyke bitch because she's next." Mr. Frazier denied calling Ms. Kenney a derogatory name, but he admitted saying that she would be next to be hit if she came near him. Ms. Kenney retreated to the safety of the bus because she was afraid of Mr. Frazier. Mr. Frazier and his daughter went home shortly thereafter.

On April 5, 2007, Mr. Frazier received correspondence from City Attorney Charles Johnson informing him that a Pre-Termination Hearing had been scheduled

---

[1]Ms. Kenney's surname is sometimes spelled Kenny in the record.  For purposes of this opinion, we will refer to her as Ms. Kenney, the spelling found in the transcript of the Commission hearing.

[2]Coach Burkes' surname is sometimes spelled Burks in the record.  For purposes of this opinion, we will refer to him as Coach Burkes, the spelling found in the transcript of the Commission hearing.

to discuss the two February 27, 2007 incidents wherein he had allegedly committed a battery and a simple assault. The letter stated that the incidents were in violation of Alexandria Civil Service Rule XII, Section 1, because the alleged acts were to the prejudice of the service. Following the April 13, 2007 hearing, Mr. Frazier was informed that his employment with the City would be terminated effective immediately.

Mr. Frazier appealed his termination to the Alexandria Civil Service Commission. The appeal was heard by the Commission at its June 20, 2007 meeting. At the close of the hearing, the Commission ordered the City to reinstate Mr. Frazier to his former position with full back pay and all emoluments that he would have received but for the termination, along with $2,000.00 in attorney fees.

The City filed a Petition for Judicial Review in the Ninth Judicial District Court, seeking to have the decision of the Commission reversed and the termination of Mr. Frazier reinstated. Following a hearing, the transcript of the Commission hearing was admitted into evidence, and the matter was taken under advisement. Judgment was rendered on September 4, 2007, affirming the Commission's decision and casting the City with court costs.

The City now appeals to this court, asserting in its sole assignment of error that it was clearly wrong for the Alexandria Civil Service Commission to reverse Mr. Frazier's termination.

## LAW

Article 10, Section 8(A) of the Louisiana Constitution, governing disciplinary actions as to classified civil servants, provides that "[n]o person who has gained

3

permanent status in the classified state or city service shall be subjected to disciplinary action except for cause expressed in writing."

In *Newman v. Department of Fire*, 425 So.2d 753, 754 (La.1983) (citations omitted), the Louisiana Supreme Court stated:

> The appropriate standard of appellate review of actions by the Civil Service Commission is to determine whether the conclusion reached by the Commission was arbitrary or capricious. Disciplinary action against a civil service employee will be deemed arbitrary and capricious unless there is a real and substantial relationship between the improper conduct and the "efficient operation" of the public service. The appointing authority . . . must demonstrate, by a preponderance of the evidence, that the conduct did in fact impair the efficiency and orderly operation of the public service. As in other civil matters, deference should be given on appellate review to the factual conclusions of the Commission.

## THE CITY'S APPEAL

The City contends that no rational basis exists for the Commission's decision to overturn Mr. Frazier's termination because the Commission placed too much emphasis on the fact that Mr. Frazier's misdeeds occurred while he was off duty and without any City involvement. The City submits that the Commission should have focused on the nature of Mr. Frazier's actions and the potential legal jeopardy that the City faces having an employee such as Mr. Frazier on the payroll. "Given the triviality of a high school basketball game in the grand scheme of things," the City claims to have a legitimate fear that Mr. Frazier will "lose his cool" and batter or assault a co-worker or citizen during the course and scope of his employment. Moreover, the City submits that Louisiana courts have allowed appointing authorities to discipline employees for off-duty conduct.[3]

---

[3] The City cites the following cases in support of this argument: *Leggett v. Nw. State Coll.*, 140 So.2d 5 (La.1962) (college night watchman responsible for counseling students who displayed improper conduct fired for operating a house of prostitution; commission determined that watchman's actions would be detrimental to his service at the college because position required

4

Mr. Frazier does not dispute the occurrence of the events listed in his pre-termination letter. In fact, at the hearing before the Commission, the City and Mr. Frazier entered into the following stipulation:

> It is agreed that on February 27, 2007, at approximately 1:30 a.m., at Peabody High School after returning from a basketball game, while on private time, not at work and not in city equipment, and not in a city uniform, appellant, David Frazier, Jr. committed a battery upon Michael Burkes and verbally assaulted Coach Kenney.

What Mr. Frazier does contest, however, is the attempt by the City to punish him in advance of his committing an offense. Such speculation, he argues, cannot serve as the basis for his termination. Mr. Frazier submits that the evidence revealed that the incident was the unfortunate outcome of a private problem that occurred after numerous encounters between him and Coach Burkes concerning what Mr. Frazier interpreted as the Coach's mistreatment of Mr. Frazier's daughter. Mr. Frazier had previously sought the intervention of the school principal and his pastor in an attempt to resolve the animosity that Coach Burkes apparently felt toward his daughter. Thus, he submits that the incident in no way confirms the City's argument that he is hot-headed and a potential liability to the City. Finally, Mr. Frazier points out that the City's own witness, Teresa Allen, Mr. Frazier's immediate supervisor, testified that he was a very good worker who was respected by his crew and that there had not been any problems in the quality of his work either before or after the February 2007

---

students' respect); *McIntosh v. Monroe Mun. Fire and Police Civil Serv. Bd.*, 389 So.2d 410 (La.App. 2 Cir. 1980), *writ denied*, 395 So.2d 1363 (La.1981) (fireman required to be on call twenty-four hours a day fired after receiving two DWI convictions for off-duty behavior in twenty-eight month period; court found real and substantial relationship between rule prohibiting intoxication of off-duty, on-call fireman and public service offered by fire department); and *Powell v. Alexandria Mun. Fire and Police Civil Serv. Bd.*, 476 So.2d 1109 (La. App. 3 Cir.), *writ denied*, 479 So.2d 362 (La.1985) (police officer suspended after being involved in traffic accident after receiving order to back up the primary unit responding to disturbance; court found that officer's failing to insure that intersection was clear before proceeding through red light impaired efficient operation of department by preventing him from completing his assignment).

incident. The deposition of City Attorney Charles Johnson likewise revealed that the City was not aware of any change in Mr. Frazier's job performance after the incident.

The City, as the appointing authority, had the initial burden of proving to the Commission that Mr. Frazier's actions impaired the efficiency of the public service. It did not do so. In fact, the evidence offered by the City confirmed that Mr. Frazier's off-duty conduct had absolutely no effect on his ability to perform his duties as the Supervisor of the Street Department. The City did not have legal cause to discipline Mr. Frazier, and the Commission was not arbitrary or capricious in reversing his termination. An appointing authority may not discipline an employee who is a member of the classified civil service based upon its fear of exposure to potential future liability because of the employee's alleged propensity for violence.

## MR. FRAZIER'S ANSWER TO APPEAL

Louisiana Code of Civil Procedure Article 2164[4] provides the authority for an appellate court to award damages for a frivolous appeal.

The Louisiana Supreme Court has instructed appellate courts to award damages for frivolous appeal only when an appeal is taken for purposes of delay or when appellate counsel is not sincere in the belief of the view he or she advances on appeal. *Middleton v. City of Natchitoches*, 06-1531 (La.App. 3 Cir. 4/4/07), 954 So.2d 356. Damages will not be awarded where the slightest justification is found for taking the appeal and even where the appellant does not prevail. *Id.*

---

[4]Louisiana Code of Civil Procedure Article 2164, entitled "Scope of appeal and action to be taken; costs," provides as follows:

> The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

Counsel for the City filed a brief in response to Mr. Frazier's assertion that its appeal is frivolous. He asserts that the City is serious in its fear that civil liability is likely to arise from the future conduct of a grown man who admittedly "los[t] his cool composure" over a basketball game and that this real and imminent fear does impair the efficiency of the public service. Morever, he asserts that as the "guardian of [the] public coffers," the City is simply exercising all available legal remedies to protect the taxpayers and the employees of the City of Alexandria. Finally, counsel insists that this appeal was not taken for the purpose of delay and that he has been serious in the position that he and his client have advanced at all levels of adjudication of this matter.

While we find no merit in the position advocated by the City, we do not believe that this appeal was frivolously taken. Thus, we deny Mr. Frazier's request for additional damages and costs for defending this appeal.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. The Honorable Jacques M. Roy, in his capacity as Mayor and Appointing Authority for the City of Alexandria, and the City of Alexandria are cast with costs of this appeal.

**AFFIRMED.**

7