GENOVESE, Judge.
Iiln this consolidated succession-related proceeding, Intervenor/Defendant, Edward D. Brown, husband of decedent, Tessie Maxine Spinks Brown, appeals the trial court’s judgment invalidating an inter vi-vos donation from his wife to him, appointing a succession representative without requiring the posting of security and the filing of a detailed descriptive list of succession assets, and obligating him to pay costs of his deceased wife’s succession proceeding. For the following reasons, we reverse the trial court judgment.

FACTS AND PROCEDURAL HISTORY

Edward D. Brown and decedent, Tessie Maxine Spinks Brown, were married on July 8, 2006, and established their matrimonial domicile in Catahoula Parish, Louisiana. There were no children of this marriage. Though Mrs. Brown brought separate property into the marriage, the parties were not separate in property and were thus subject to a community property regime after their marriage. On July 10, 2009, Mrs. Brown executed a donation inter vivos in favor of Mr. Brown of a “NON-EXCLUSIVE USUFRUCT” of their family home and land upon which it was situated. It is undisputed that the property described in the donation was Mrs. Brown’s separate property, having been acquired by her prior to her marriage to Mr. Brown.
Mrs. Brown passed away, intestate, on March 24, 2010, and had been living and residing with Mr. Brown in Catahoula Parish up until her death. Mrs. Brown was previously married to Herman E. Spinks, with two children being born of that marriage, namely, Denton Ray Spinks and Amy Spinks Huffman. Mrs. Huffman petitioned the court for and was appointed *1213 the Administratrix of the Succession of Tessie Maxine Spinks Brown on April 8, 2010. The record clearly indicates that lüMrs. Huffman did not ñle a detailed descriptive list or inventory, nor did she post security prior to her appointment.
On April 12, 2010, Mr. Brown filed a petition for intervention in the succession proceeding seeking to recall the issuance of Letters Testamentary[1] to Mrs. Huffman on the grounds that she failed to file a descriptive list and failed to post security for her appointment as Administratrix. Mr. Brown also sought to retain use of the matrimonial home and to have his rights in the usufruct recognized.
Not until April 19, 2010, eleven days after her appointment as Administratrix, did Mrs. Huffman filed a detailed descriptive list of succession assets. Mrs. Huffman, as Administratrix, also filed a separate lawsuit against Mr. Brown seeking an accounting from him relative to the succession, a surrender of any right of usufruct of succession property, and a judgment of court vacating the donation inter vivos of the usufruct. In the alternative, Mrs. Huffman sought to require Mr. Brown to provide security for the exercise of his usufruct.
Mr. Brown answered the Administra-trix’s lawsuit and moved to consolidate both actions for trial purposes. The trial court ordered the consolidation of both actions. After a trial on the merits, the trial court rendered judgment in favor of the Administratrix declaring the donation inter vivos of the usufruct in favor of Mr. Brown void and meaningless, ordering Mr. Brown to surrender the property alleged to have been subject to the usufruct, denying all of Mr. Brown’s claims, and casting him with all costs, including the succession costs. Mr. Brown filed this |sdevolutive appeal. Mrs. Huffman, as Administratrix, answered the appeal, seeking “damages including attorney[ ] fees for the frivolous appeal.”

ASSIGNMENTS OF ERROR

Mr. Brown sets forth the following for our review:
ASSIGNMENT! ] OF ERROR 1
The trial court erred in determining that the donation inter! ]vivos of a nonexclusive life usufruct of real property from the decedent prior to her death to her husband is void and meaningless and thereby ordering the usufructuary [sic] to surrender his right of possession of the property subject to the usufruct.
ASSIGNMENT! ] OF ERROR 2
The trial court erred in setting security for issuance of letters of administration at $0.00 dollars!.]
ASSIGNMENT! ] OF ERROR 3
The trial court erred in ordering issuance of letters of administration in a succession without having a detailed list of succession assets.
ASSIGNMENT! ] OF ERROR 4
The trial court erred in ordering the [D]efendanV[I]ntervener [sic] to pay all *1214 costs of court including the costs of the succession probate proceeding.
ASSIGNMENT OF ERROR 5
The trial court erred in not ruling on the issue of traversal of the detailed descriptive lists in this succession.

LAW AND DISCUSSION

Assignment of Error 1
Mr. Brown argues that the trial court erred in determining that the donation inter vivos of the non-exclusive life usufruct to him from his wife was void and meaningless. The trial court judgment ordered that the donation “be erased and 14 stricken from the conveyance records of Catahoula Parish, Louisiana[.j” In ruling from the bench, the trial court stated: “It’s the ruling of the [cjourt that this non[-]exclusive usufruct — the reason I’m declaring it void, it’s just meaningless. I don’t know of any such legal concept. The [cjourt’s not recognizing that at all.” We disagree.
The right of ownership may be burdened with a real right. La.Civ.Code art. 478. A “[ujsufruct is a real right of limited duration on the property of another.” La. Civ.Code art. 535. Louisiana Civil Code Article 541 states that a “[ujsufruct is susceptible to division, because its purpose is the enjoyment of advantages that are themselves divisible. It may be conferred on several persons in divided or undivided shares, and it may be partitioned among the usufructuaries.” A usufruct may be established by a juridical act such as an inter vivos donation, and, in that case, it is called a “conventional” usufruct. La.Civ. Code art. 544. A usufruct may be established “under a condition, and subject to any modification consistent with the nature of usufruct.” La.Civ.Code art. 545.
The July 10, 2009 donation inter vivos from Tessie Maxine Spinks Brown to her husband, Edward Brown, conveyed a “NON-EXCLUSIVE LIFE USU-FRUCT” to him of the 4.35 acre tract in Catahoula Parish (less the “LESS AND EXCEPT” portion listed therein), including “all buildings and improvements situated thereon, all rights, ways[,j and privileges thereto belonging.” Though the term “non-exclusive” is not defined under our law or readily used in connection with the establishment of a usufruct, it does not render the duly created conventional usu-fruct contra bonos mores or prohibited by law.
Louisiana Civil Code Article 11 guides us as to the “[mjeaning of words[.j” Lit states: “Words of art and technical terms must be given their technical meaning when the law involves a technical matter.” Since a “non-exclusive life usufruct” is not a common juridical phrase found or derived from our Civil Code, it must be deemed a “technical term” and must be given its “technical meaning.”
The word “exclusive” is an adjective defined in The American Heritage Dictionary of the English Language 620 (4th ed.2006), in pertinent part, as “[njot divided or shared with others ... [njot accompanied by others.... ” “Exclusive use” is defined in Black’s Law Dictionary 1577 (8th ed.2004), in pertinent part, as “[tjhe right of an adverse user to property, exercised independently of any similar rights held by others.... ” The prefix “non” is likewise defined in Black’s Law Dictionary 1076 (8th ed.2004), as “Not; no. This term negates.... ”
When read together, the term “non-exclusive” simply means capable of being divided or shared with others. Though the term is a common law term, it does not *1215 render it invalid under our civil law. If that were the case, common law property terms such as “easement,” “right of way,” “real property,” and many others would cast a shadow of invalidity on numerous property transactions. Such is not the case. Many common law terms have seeped into our civil law. The mere fact that a conveyance instrument contains a common law (or non-civil law) term or reference does not, in and of itself, render such a document “meaningless” and without legal efficacy.
A non-exclusive life usufruct is simply a usufruct granted for life to a person which may be divided or shared with others. Neither our jurisprudence nor our Civil Code prohibit such a conveyance. Had Mrs. Brown chosen to do so, she could have granted the same or a similar type of usufruct to others, in addition to Mr. Brown, ^neither of which would have had exclusive or independent rights under the usufruct, with one and all having to share their respective legal rights under the usu-fruct.
We find the donation of the non-exclusive life usufruct from Mrs. Brown to Mr. Brown to be legally permissible, legally valid, and legally binding. We reverse the trial court judgment voiding the donation and ordering it erased and stricken from the conveyance records of Catahoula Parish, and we hereby order reinstatement of same.
Assignments of Error 2 and 3
Mr. Brown asserts that the trial court’s appointment of Mrs. Huffman as Administratrix was “in direct violation of the code of civil procedure articles on [the] appointment of an administrator in an intestate succession in that the trial court did not order Mrs. Huffman to post security or file inventory prior to her appointment and issuance of letters.” As both of these assignments of error address the propriety of the issuance of Letters Testamentary, we shall address them together.
Louisiana Code of Civil Procedure Article 3151 (emphasis added) provides as follows:
Except as otherwise provided by law, the person appointed administrator shall furnish security for the faithful performance of his duties in an amount exceeding by one-fourth the total value of all property of the succession as shown by the inventory or descriptive list.
The court may reduce the amount of this security, on proper showing, whenever it is proved that the security required is substantially in excess of that needed for the protection of the heirs and creditors.
The presence of the word “shall” in La. Code Civ.P. art. 3151 denotes clear and unambiguous language that the posting of security by an administrator is mandatory in nature.
In the instant matter, it is undisputed that prior to the' issuance of Letters 17Testamentary, the trial court did not require Mrs. Huffman to post any security.[2] The Order Appointing Administratrix and Directing Issuance of Letters Testamenta *1216 ry signed by the trial court on April 8, 2010, expressly provides “that letters testamentary issue to Amy Spinks Huffman after she has furnished security in the amount of $0.00, and has taken the oath of office.” This order is clearly contrary to the mandatory provisions of La.Code Civ.P. art. 3151.
Also relevant to Mrs. Huffman’s appointment as Administratrix is the requirement of La.Code Civ.P. art. 3094 (emphasis added) which provides that “[t]he court shall order the taking of an inventory, or the filing of a descriptive list as provided in Article 3136, of the property of the deceased upon the filing of an application for appointment as administrator.” As with La.Code Civ.P. art. 3151, the word “shall” in La.Code Civ.P. art. 3094 denotes a mandate that the trial court order either the taking of inventory or the filing of a detailed descriptive list when it is presented with an application for the appointment of an administrator. Despite this statutory requirement, the trial court’s order of April 8, 2010, failed to comply with this mandate. Thus, this order is also contrary to the mandatory provisions of La.Code Civ.P. art. 3094.
For the foregoing reasons, we reverse and vacate the order of the trial court confirming Mrs. Huffman as the Adminis-tratrix of the Succession of Tessie Maxine Spinks Brown and ordering the issuance of Letters Testamentary. Further, we reverse the trial court judgment ordering “the property of the succession in the possession of REdward Duncan Brown, more fully described in the Sworn Descriptive List, be given or turned over to Amy Spinks Huffman as Administratrix of this succession!.]”
We acknowledge that in response to Mr. Brown’s petition for intervention wherein he raised these procedural deficiencies, Mrs. Huffman did file a detailed descriptive list on April 19, 2010; however, this filing was eleven days after her appointment as Administratrix. This untimely filing does not cure the legal defect surrounding her appointment as Adminis-tratrix, which was implemented in derogation of the mandatory legal requirements of La.Code Civ.P. art. 3094 and La.Code Civ.P. art. 3151. Additionally, there was still no posting of security as required by law. For the foregoing reasons, we reverse the trial court judgment accepting the detailed descriptive list as “prima facie proof of all matters shown therein, it being not amended or traversed in these proceedings!.]”
In reaching our conclusion herein, this court acknowledges that La.Code Civ.P. art. 3396.5[3] provides for the independent administration of a decedent’s estate when a decedent dies intestate. In that instance, there is no statutory requirement for the filing of a detailed descriptive list nor the posting of security by the Adminis-tratrix. To proceed with an independent administration of an estate, La.Code Civ.P. art. 3396.5 requires that the successors “collectively designate, in the application for administration of the decedent’s estate, or thereafter, a qualified person to serve *1217 as |flindependent administrator. Then, “[i]n such case, the court shall enter an order granting independent administration and appointing the person designated in the application as independent administrator.” In the instant case, there was no such mandatory language in the petition for administration designating an independent administrator, nor did the trial court order grant independent administration and appoint an independent administrator. Consequently, in this succession proceeding, there was no independent administration, Mrs. Huffman was not appointed an independent administrator, and, thus, she may not forego the statutory requirement of the filing of a detailed descriptive list and the posting of security.
Assignment of Error 4
Mr. Brown also contends that the trial court erred in assessing him with all costs of court. We agree.
The judgment of the trial court ordered that Mr. Brown “be cast with all costs of these consolidated proceedings.” However, “all costs” include those costs incurred by Mrs. Huffman for the institution of the succession proceedings. These costs were necessarily going to be incurred regardless of the action taken by Mr. Brown. Although a trial court has discretion in assessing costs of court, the assessment must be equitable in nature. La.Code Civ.P. art. 1920. Considering the facts of these proceedings, we find that the trial court’s assessment of “all costs” to Mr. Brown is inequitable and constitutes an abuse of discretion. Haas v. Romero, 07-974 (La.App. 3 Cir. 2/20/08), 977 So.2d 196, writ denied, 08-650 (La.6/6/08), 983 So.2d 917. Therefore, we reverse the trial court judgment casting Mr. Brown with all costs of court, and we assess all costs of all of these proceedings to the succession.
110Assignment of Error 5
In the final assignment of error, Mr. Brown asserts that the trial court erred in not ruling on the issue of his traversal of the detailed descriptive list filed by Mrs. Huffman April 19, 2010. However, given this court’s ruling reversing and vacating the order of the trial court confirming Mrs. Huffman as the Administratrix and ordering the issuance of the letters of administration, and reversing the trial court judgment accepting the detailed descriptive as prima facie proof of the property comprising the estate of the decedent, this assignment of error has been rendered moot.
Answer to Appeal
Mrs. Huffman has filed an Answer to Appeal. Therein, she asserts that she is “aggrieved by the frivolous appeal” of Mr. Brown and prays that “[t]he judgment appealed from should be modified to provide for damages and attorney[] fees[.]” We disagree.
Louisiana Code of Civil Procedure Article 2164 provides the authority for an appellate court to award damages for a frivolous appeal.
The Louisiana Supreme Court has instructed appellate courts to award damages for frivolous appeal only when an appeal is taken for purposes of delay or when appellate counsel is not sincere in the belief of the view he or she advances on appeal. Middleton v. City of Natchitoches, 06-1531 (La.App. 3 Cir. 4/4/07), 954 So.2d 356. Damages will not be awarded where the slightest justification is found for taking the appeal and even where the appellant does not prevail. Id.
Roy v. Alexandria Civil Serv. Comm'n, 07-1458, p. 6 (La.App. 3 Cir. 4/2/08), 980 So.2d 225, 229.
*1218 Considering this court’s reversal of the trial court judgment on appeal, we have found merit in Mr. Brown’s appeal; therefore, his appeal was not frivolous. Thus, we deny Mrs. Huffman’s request for damages and attorney fees for frivolous appeal.
| ^DECREE
For the foregoing reasons, we reverse and vacate the trial court order of April 8, 2010, confirming Amy Spinks Huffman as the Administratrix of the Succession of Tessie Maxine Spinks Brown and ordering the issuance of Letters Testamentary to her. We reverse the trial court judgment of May 8, 2010, in its entirety. We order the Clerk of Court for Catahoula Parish to fully and completely reinstate the recordation of said donation in its records. We assess all costs in these consolidated matters to the succession. Finally, we deny Mrs. Huffman’s request for damages and attorney fees for frivolous appeal.
REVERSED.
EZELL, J. dissents and assigns written reasons.

. We note that the trial court, on April 8, 2010, appointed Amy Spinks Huffman Admin-istratrix of the Succession of Tessie Maxine Spinks Brown and ordered that Letters Testamentary issue to her. However, Mrs. Brown died intestate, and, in accordance with La. Code Civ.P. art. 3159, letters of administration, as opposed to Letters Testamentary, should have been issued to her. Therefore, for purposes of this opinion only, we shall deem the Letters Testamentary issued to Mrs. Huffman to be the same as letters of administration.

. Additionally, we note that there were no proceedings implicating the second paragraph of La.Code Civ.P. art. 3151 in this case. We agree with Mr. Brown that "[t]he record is devoid of any such consideration of the [trial] court to reduce the bond[J and in fact[,] the [trial] court issued letters of administration and essentially waived the posting of security by setting the bond at zero security.”

. Louisiana Code of Civil Procedure Article 3396.5 provides as follows:
When a decedent dies intestate, all of the intestate successors may agree on the advisability of having an independent administration and collectively designate, in the application for administration of the decedent's estate, or thereafter, a qualified person to serve as independent administrator. In such case, the court shall enter an order granting independent administration and appointing the person designated in the application as independent administrator.