# NOT FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-34

**PATRICIA A. BONTON**

**VERSUS**

**LOUISIANA WORKFORCE COMMISSION, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
**APPEAL FROM THE**
**NINTH JUDICIAL DISTRICT COURT**
**PARISH OF RAPIDES, DOCKET NO. 247,372**
**HONORABLE MARY L. DOGGETT, DISTRICT JUDGE**
**\*\*\*\*\*\*\*\*\*\***

**SYLVIA R. COOKS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Marc T. Amy and J. David Painter, Judges.

**AFFIRMED; MOTION TO STRIKE GRANTED.**

Patricia A. Bonton
In Proper Person
P.O. Box 12372
Alexandria, LA 71315
**ATTORNEY FOR PLAINTIFF/APPELLANT**
    Patricia A. Bonton

Daniel G. Brenner
Jeff D. Easley
Bolen, Parker, Brenner, Lee, & Engelsman LTD.
709 Versailles Boulevard
P.O. Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
**ATTORNEY FOR DEFENDANT/APPELLEE**
    Golden Stock Enterprises, Inc.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

This appeal arises from administrative decisions of the Louisiana Workforce Commission through its Appeals Tribunal and Board of Review pertaining to rulings holding Plaintiff, Patricia Bonton, was disqualified from unemployment benefits because she was terminated by her employer.

On February 19, 2013, Plaintiff was working for a McDonald's Restaurant in Alexandria, Louisiana, which was owned by Defendant, Golden Stock Enterprises. On that morning, a dispute arose between Plaintiff and a manager, Mr. Thomas Collins, pertaining to Plaintiff's interaction with customers. Plaintiff then chose to leave the premises before her shift was over. Plaintiff was subsequently discharged from her employment for a violation of company policy.

Shortly after her discharge, Plaintiff filed a claim for unemployment benefits against the Defendant. On March 12, 2013, Plaintiff was mailed a Notice of Claim Determination from the Louisiana Workforce Commission which stated, in pertinent part, as follows:

> You have been disqualified for benefits from 2/20/13 . . . You were discharged from your employment because of your failure to abide by company rules/policies. You were aware of those rules/policies. Your discharge was for misconduct connected with the employment.

On March 15, 2013, Plaintiff appealed the Notice of Claim Determination to the Appeals Tribunal. On April 8, 2013, a telephone hearing was held, during which all parties participated and evidence was submitted. At the conclusion of the hearing, the Administrative Law Judge (ALJ) denied the appeal relying on La.R.S. 23:1601(2), which provides an individual shall be disqualified from unemployment benefits if the discharge is for misconduct connected with the employment. The ALJ specifically found Plaintiff violated company policy of which she was aware.

2

On that same date, Plaintiff filed a Request for Reopening, alleging the findings of fact set forth in the ALJ's decision were not accurate. The request was denied by the ALJ on April 12, 2013.

On April 11, 2013, Plaintiff filed a Request for Appeal with the Board of Review for the Office of Regulatory Service to review the determination made by the Appeals Tribunal. The Board of Review affirmed the Appeals Tribunal, concluding the factual determinations made by the Appeals Tribunal were "based on a preponderance of the evidence as a matter of law."

On May 6, 2013, Plaintiff (who as at all times in these proceedings, past and present, has represented herself) filed a Petition for Review and a Motion to Remain [sic] with the Clerk of Court for the Ninth Judicial District Court seeking review of her denial of unemployment benefits. A hearing on that motion was set for October 21, 2013, after which the district court denied the motion, finding no legal error in the proceedings below. The trial court also ordered that costs were to be absorbed by the Clerk of Court as Plaintiff and the Louisiana Workforce Commission were statutorily exempt from costs and Golden Stock, as the prevailing party, should not be responsible for costs. Plaintiff lodged an appeal with this court, asserting the following assignments of error:

> 1. The trial court erred in affirming the decision by the Appeals Tribunal, Administrative Law Judge, Board of Review, Ninth Judicial District Court and the Honorable Judge Doggett when Patricia Bonton's alleged right to judicial review under Article I, § 19 of the Louisiana Constitution was violated; and
>
> 2. The trial court and/or Golden Stock Enterprises, Inc. through undersigned counsel committed a "Crime against Statute" when the costs of the Petition for Review and Motion to Remain [sic] hearing were ordered to be absorbed by the Clerk of Court.

## ANALYSIS

Initially, we note Golden Stock filed a Motion to Strike a "Memo of Record" filed by the pro se Plaintiff, accompanied by an attached letter. Golden Stock

3

noted several procedural deficiencies and substantive misrepresentations of law pertaining to the "Memo of Record," and filed a Motion to Strike which was referred to the merits. After careful review, we find the "Memo of Record" relates to issues not presented to the trial court and not contained in the record. Thus, we grant Golden Stock's Motion to Strike.

In *Bowden v. Louisiana Board of Review, Office of Regulatory Services*, 46,048, p. 4 (La.App. 2 Cir. 01/26/11), 57 So.3d 513, 516-17 (citations omitted), the court set forth the appellate standard for judicial review in unemployment proceedings:

> Judicial review in unemployment proceedings is limited by La. R.S. 23:1634, which provides that "findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court (on appeal) shall be confined to questions of law." The scope of judicial review by the court is limited to questions of law and the question of whether the decision is supported by "sufficient evidence." Judicial review does not permit the weighing of evidence, drawing of inferences, reevaluation of evidence or substituting the views of this court for those of the Board of Review as to the correctness of the facts.

At the April 8, 2013 hearing on the merits before the Appeals Tribunal, the pertinent company policy of Defendant was admitted, and stated:

> Leaving your shift unattended or walking off your shift and leaving the building will be deemed as job abandonment and will result in immediate dismissal.

At the hearing it was also testified to by several of Plaintiff's co-employees that she abandoned her shift on February 19, 2013. Plaintiff acknowledged under questioning from the ALJ that she understood leaving her post during a shift without permission was against company policy. She also admitted she did abandon her shift and leave the restaurant on the date in question. Therefore, the ALJ found Plaintiff admitted both that she left her shift and knew such action was against company policy.

4

Louisiana Revised Statutes 23:1601(2)(a), entitled "Disqualification for Benefits," provides:

An individual shall be disqualified for benefits:

(2)(a) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.

The evidence was clearly sufficient to establish misconduct on the part of Plaintiff. She abandoned her shift in violation of company policy. This misconduct results in her disqualification from unemployment benefits. Thus, we find no error in the judgment of the district court affirming the decision of the Appeals Tribunal and Board of Review which held Plaintiff was disqualified from receiving unemployment benefits.

Plaintiff has also argued on appeal she was deprived of her right to judicial review under Article I, § 19 of the Louisiana Constitution, which provides "[n]o person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based."

We find no basis for Plaintiff's argument that she has been deprived of her right to judicial review. Plaintiff had reviews of her disqualification for unemployment benefits by the Appeals Tribunal and Board of Review. She has also had judicial review of those decisions by the Ninth Judicial District Court and this appellate court.

The gist of Plaintiff's argument appears to be that some unknown or unspecified evidence was not admitted in the record, thus the record is not complete. In *State v. McClinton*, 329 So.2d 676, 677 (La.1976), the Louisiana Supreme Court stated "[t]he record referred to in Article I, § 19 of the Louisiana

Constitution of 1974 is the 'complete record of all evidence upon which *judgment is based.'" (Emphasis in original). Thus, the supreme court has indicated the right embodied in Article I, § 19 is only that the record upon which the judgment is based be properly lodged. The record before this court contains all the evidence upon which the judgment is based. Thus, we find no merit to this assignment of error.[1]

We also find no merit in Plaintiff's argument that the district court committed a "Crime against Statute" in ordering costs to be absorbed by the Clerk of Court. As the district court noted, the Louisiana Workforce Commission is exempt from costs pursuant to La.R.S. 13:5112(D) and the pro se petitioner is exempt from costs under La.R.S. 23:1692. Thus, neither of those parties could be assessed with costs.

As a general rule, the prevailing party is not assessed with costs. At the hearing below, Golden Stock called the district court's attention to the case of *Livingston Parish School Bd. v. State*, 426 So.2d 246, 249 (La.App. 1 Cir.1983), wherein the Clerk of Court was made to absorb court costs because "it appears that no party to this litigation is legally responsible for the costs." Thus, we find the district court did not abuse its discretion in assessing court costs against the Clerk of Court in this matter.

Finally, we must consider Golden Stock's answer to the appeal, wherein it requests damages for a frivolous appeal. When considering allegations of a frivolous appeal, this court in *Roy v. Alexandria Civil Serv. Comm'n*, 07-1458, p. 6 (La.App. 3 Cir. 4/2/08), 980 So.2d 225, 229, stated:

> The Louisiana Supreme Court has instructed appellate courts to award damages for frivolous appeal only when an appeal is taken for purposes of delay or when appellate counsel is not sincere in the belief

---

[1] We also note at the hearing on the merits before the Appeals Tribunal, Plaintiff did not allege any deficiency in the evidence. Furthermore, Plaintiff was informed that she was allowed to admit any evidence deemed necessary.

of the view he or she advances on appeal.  *Middleton v. City of Natchitoches*, 06-1531 (La.App. 3 Cir. 4/4/07), 954 So.2d 356. Damages will not be awarded where the slightest justification is found for taking the appeal and even where the appellant does not prevail. *Id*.

While we find no merit in the position advocated by Plaintiff, we cannot say she is not sincere in the belief she advances on appeal.  Thus, we deny the request for damages for a frivolous appeal.

## DECREE

For the foregoing reasons, Golden Stock's Motion to Strike the Plaintiff's "Memo of Record" is granted.  The judgment of the lower court is affirmed.

**AFFIRMED; MOTION TO STRIKE GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.  Uniform Rules–Courts of Appeal, Rule 2-16.3.