EDWARDS, Judge.
From a decision of the Civil Service Commission upholding a termination, the employee has. appealed.
FACTS AND PROCEDURAL HISTORY
This appeal is the result of a long, drawn-out series of determinations made concerning criminal charges brought against Mr. George Caldwell which led to his dismissal from his position as a classified Foreman I for the Caddo Levee Board (Board).
Mr. Caldwell was a fourteen-year employee of the Board when he was dismissed as a result of alleged criminal activity involving the sale and use of drugs.[1] After being arrested and charged with three felony counts of illegal distribution of marijuana, Mr. Caldwell was suspended from his position with the Board. Later, after trial by jury, Mr. Caldwell was acquitted of two of the counts and found guilty on the third count of the lesser and included offense of attempted distribution. As a result of the *1246 conviction, but before the conviction was final, Mr. Caldwell was dismissed from his employment with the Board. We note that Mr. Caldwell’s dismissal was based upon the same factual allegations which were the basis of the criminal proceedings.[2] These facts were said to constitute a violation of the Board’s rules sufficient to justify dismissal.
On July 23, 1986, the Board, as a result of an earlier decision of the Civil Service Commission reinstating Mr. Caldwell,[3] sent Mr. Caldwell a letter informing him of his reinstatement, and at the same time, gave him notice to appear in order to give cause why he should not be terminated on July 25, 1986. On July 25, 1986, the Board again terminated Mr. Caldwell, who then appealed the termination. After a hearing, the referee, on February 19, 1987, ordered Mr. Caldwell reinstated with back pay.
Both the Board and Mr. Caldwell appealed the decision of the referee to the Commission, the Board asking that the decision of the referee be overturned, Mr. Caldwell asking that he be reinstated to the position to which he would have been promoted absent the termination and that the Commission award attorney’s fees.
On June 8, 1987, the Commission overturned the decision of the referee and remanded the case to the referee for further findings of fact and proceedings dealing with how Mr. Caldwell’s conviction, still on appeal, constituted an impairment sufficient to justify dismissal. The referee, after another hearing, again reinstated Mr. Caldwell, imposing only a thirty-day suspension.
Again, both the Board and Mr. Caldwell appealed to the Commission for a review of the referee’s decision. On September 22, 1987, the Commission reversed the decision of the referee and upheld the termination of Mr. Caldwell, who then appealed to this court. Because of subsequent events concerning the criminal charges against Mr. Caldwell, the facts of which formed the basis of his termination, we feel constrained to reverse.
LAW
Article X, Section 8(A), of the Louisiana Constitution requires that there be cause for the removal of a permanent classified employee. “Legal cause for disciplinary action exists when the conduct complained of impairs the efficiency of the public service and bears a real and substantial reía *1247 tion to the efficient and orderly operation of the public service in which the employee is engaged.” Appeal of Brisset, 436 So.2d 654, 656 (La.App. 1st Cir.), writ denied, 441 So.2d 749 (La.1983); see also Newman v. Department of Fire, 425 So.2d 753 (La.1983), and cases cited therein.
Additionally, as was stated by this court in Brown v. L.H.H.R.A., 346 So.2d 758 (La.App. 1st Cir.1977):
“The mere arrest and incarceration of a classified employee is not per se legal cause for dismissal. It is necessary to consider the circumstances of the arrest and the needs of the employer to determine if sufficient cause for dismissal exists. Factors to be considered in relation to the impairment of job performance include, but are not limited to: the validity and ultimate disposition of the charges, the length or possible length of incarceration, and the degree of resulting notoriety.” (emphasis added).
346 So.2d at 762.
Mr. Caldwell, at the time of his termination, had been arrested and found guilty of only one count of the lesser and included offense of attempted distribution of marijuana. That conviction had not become final and had, in fact, been appealed to the Louisiana Supreme Court. Because the conviction was not final, the Commissioner should have considered those factors called for in Brown.
The Louisiana Supreme Court in State v. Caldwell, 504 So.2d 853 (La.1987), reversed Mr. Caldwell’s conviction, finding that evidence which the trial court excluded from the jury was essential to Mr. Caldwell’s defense. The evidence which Mr. Caldwell had attempted to introduce dealt with conversations between members of the Board and others about a purported vendetta against Mr. Caldwell. About that evidence, the Supreme Court in Caldwell stated:
Braden’s testimony was offered to show that certain members of the Levee Board’s management were willing to go beyond the bounds of the law in terminating Caldwell, which was crucial to the defense theory of entrapment.... The jury may have inferred that members of the Levee Board’s management had embarked on a vendetta against Caldwell.
504 So.2d at 856.
We note, just as the Supreme Court did, that Mr. Caldwell would have been the first black man promoted into a supervisory position.
Brown lists the factors to be considered in cases where termination occurs as the result of an arrest. While Mr. Caldwell had been convicted, that conviction was not final. LSA-R.S. 42:1414 provides that termination of a state employee shall take place after appellate review of the initial court proceedings is exhausted. In cases before that review is exhausted, those factors listed in Brown should apply.
In this case, Mr. Caldwell’s only conviction was reversed by the Louisiana Supreme Court on an evidence ruling dealing with the heart of the allegations against him. A man is innocent until proven guilty. The allegations used in Mr. Caldwell’s criminal prosecution are the same as those which formed the basis of his dismissal. At the hearing, it was stipulated that the witnesses would testify just as they had at the criminal trial. While the burden of proof in Civil Service Commission proceedings and criminal trials is different, we believe it would be an injustice for Mr. Caldwell to be exonerated of the criminal charges brought against him, while allowing those same charges to form the basis of his job dismissal.
After a review of the record and the Louisiana Supreme Court’s decision in Caldwell, we find ourselves in agreement with the referee’s decision of February 19, 1987, wherein he stated:
The Referee concludes that appellee has utterly failed to prove any impairment to and/or detriemental [sic] connection with or relation to the efficiency or orderly operation of the State Service resulting from appellant’s conduct, arrest and/or conviction.
Accordingly, the appeal is hereby granted, the termination is reversed and appellant is hereby reinstated to his former position as of the close of business on *1248 July 25, 1986, and appellant is to receive all back pay from that date until reinstated, subject to an offset in favor of appel-lee for all wages earned and/or unemployment benefits received by appellant during that time. Appellee is further hereby ordered to remove the July 25, 1986 termination letter from appellant’s personnel file.
As instructed in Brown, the Commission should have considered the eventual disposition of the case. We fail to see how an allegation, later found to be without merit, could form the basis of dismissal of a fourteen-year classified employee who had reached the position of foreman and who had become eligible for further promotion. See Lombas v. Department of Police, 467 So.2d 1273 (La.App. 4th Cir.), writ denied 470 So.2d 120 (La.1985).
For the foregoing reasons, the decision of the Commission is hereby reversed. The decision of the referee of February 19, 1987, is hereby reinstated. Mr. Caldwell is to receive all back pay, subject to offset in favor of the Board, for all wages earned or unemployment benefits received by Mr. Caldwell during the period of his dismissal. All costs of this appeal to be taxed to the Caddo Levee Board.
REVERSED, REFEREE’S DETERMINATION REINSTATED.
SAVOIE, J., dissents with reasons.

. For a full report of the facts concerning Mr. Caldwell’s alleged criminal activity, see State v. Caldwell, 504 So.2d 853 (La.1987).

. In the letter from the Board to Mr. Caldwell informing him of his pending termination, the Board gave the following basis for Mr. Caldwell's dismissal:
(1) In the first week of October, 1984, the Caddo Parish Sheriffs Department was asked to investigate the theft of fence posts belonging to the Caddo Levee District. During the investigation Perry Sweet, a Caddo Levee District employee, informed Agent Joe Morris that you were involved with drugs.
(2) During the months of October and November, 1984, you were under investigation by the Caddo Parish Sheriff’s Department for your alledged [sic] involvement with drugs.
(3) On October 26, 1984, around 5:45 P.M., you met with Perry Sweet, who was acting as a confidential informant for the Caddo Parish Sheriffs Department, at the new dam park area on Caddo Lake and sold him marijuana for $75.00.
(4) On November 2, 1984, around 6:10 P.M., at Rt. 1, Box 244, Belcher, Louisiana, you sold Agent Ashley, an undercover police agent who was working with the Caddo Parish Sheriffs Department and was introduced to you by Perry Sweet, marijuana for $100.00.
is) On November 30, 1984, in the early afternoon, Perry Sweet informed Sgt. Billy Golden that you wanted to sell him some marijuana for $100.00. Around 4:45 P.M., on the same date, you met Perry Sweet at the Gulf Station located on Highway 1 at Louisiana Highway 538, and sold him the marijuana. At approximately 5:05 P.M., you were arrested by Agents Miner, Morris and Sgt. Golden and booked on a charge of RS 40:966A, Distribution of Marijuana.
(6) On June 7, 1985, you were tried before a jury and were found guilty of one count of attempted distribution of marijuana, a felony offense.
(7) The above constitutes a violation of written agency rule # 2, which prohibits the use of or illegal possession of, or attempt to take part in the sale or illegal handling of drugs.

. The prior proceedings are not a part of the record and are not before this court, but, in brief, Mr. Caldwell states that the decision of the Commission reinstating him to his position was the result of procedural deficiencies in the earlier termination.