1 .FITZSIMMONS, J.
Bruce R. Guillot appeals from the denial of a renewal application for a non-key gaming employee permit by the Louisiana Gaming Control Board (Gaming Board). The 19th Judicial District Court reversed *562 the ruling of the Gaming Board and reinstated Mr. Guillot’s permit. We reverse the lower court.
The resolution of this appeal hinges on the legal interpretation of two legislative statutes, id. est, La. R.S. 40:983 and La. R.S. 27:87. When considering legal issues, the reviewing court accords no special weight to the trial court, but conducts a de novo review of questions of law and renders judgment on the record. State, Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355, p. 5 (La.App. 1st Cir.8/21/96); 694 So.2d 316, 319.
The import of La. R.S. 40:983, which was later repealed in 1995, is presented in the following pertinent part:
A. Whenever any person who has not previously been convicted of any offense under this Part pleads guilty to or is convicted of having violated ... R.S. 40:967(C) ... the court may, without entering a judgment of guilt and with the consent of such person, defer further proceedings and place him on probation upon such reasonable terms and conditions as may be required.
^ Hi ❖ Hi Hi Hi
C. Upon fulfillment of the terms and conditions of probation imposed ... the court shall discharge such person and dismiss the proceedings against him.
D. Discharge and dismissal under this Section shall be without court adjudication of guilt and shall not be deemed a conviction for purposes of disqualifications or disabilities imposed by law upon conviction of a crime.
La. R.S. 40:983 (repealed by Acts 1995, No. 1251, § 2) (Underlining supplied).
On April 29, 1988, having been charged with possession of cocaine, a violation of La. R.S. 40:967(C), Mr. Guillot pled guilty to the possession of cocaine under the provisions of former La. R.S. 40:983. In accordance with the dictates of the statute, he was subsequently discharged of the crime, and the proceedings were dismissed.
Thereafter, under the auspices of the Louisiana Gaming Control Law, the legislature enacted La. R.S. 27:76[1]. A portion of that statutory provision restricted the qualification of gaming license applicants in the following manner:
|3The division shall not award a license or permit to any person who is disqualified on the basis of any of the following criteria:
[[Image here]]
(3) The conviction of or a plea of guilty ... by the applicant ... for an offense punishable by imprisonment of more than one year. (Emphasis supplied.)
The import of La.R.S. 27:76 on the eligibility of employee gaming license applicants has been recently litigated at this appellate court level. The Louisiana First Circuit Court of Appeal addressed the eligibility vel non of applicants in circumstances analogous to Mr. Guillot’s position in Cantanese v. Louisiana Gaming Control Board, 97-1426, pp. 6-7 (La.App. 1st Cir.5/15/98); 712 So.2d 666, 670, writ denied, 98-1678 (La.10/9/98); 726 So.2d 30. Mr. Cantanese had been convicted of a single felony conviction. Notwithstanding the fact that Mr. Cantanese had been automatically pardoned of his single state felony conviction, this court held that the applicant was ineligible for a gaming permit.
While recognizing that the enforcement of La. R.S. 27:76(3) might result in undue hardships on some persons, we observed in Cantanese that the express intent of the legislature had been to strictly govern the regulation of the gaming industry. Although he had been pardoned, the histori *563 cal fact that Mr. Cantanese had been convicted remained extant. Id.
A gaming permit is not a right of property, citizenship or otherwise. It is a privilege. La. R.S. 27:42(B)[2]; Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, p. 11 (La. App. 1st Cir.2/20/98); 710 So.2d 799, 807, writ denied, 98-0780 (La.5/8/98); 719 So.2d 51. A privilege, such as a gaming employee permit, can be limited by legislation. Id.; Catanese, 97-1426 at p. 6; 712 So.2d at 670.
In addition to the disqualification of an applicant pursuant to La. R.S. 27:76(3) for a pardoned single felony offense, La. R.S. 27:76(3) specifically includes within its specified criteria for disqualification from the privilege of holding an employee gaming permit “a plea of guilty.” It is undisputed in the matter sub judice that Mr. Guillot entered a plea of guilty. Such unequivocal language leads to the inescapable conclusion that, based upon the current legislative provisions, Mr. Guillot is disqualified from the privilege of an award of a gaming employee permit.
LThe judgment of the district court is hereby reversed, and the decision of the Gaming Board not to renew the gaming permit of Mr. Guillot is reinstated. All costs associated with this appeal are assessed to Mr. Guillot.
REVERSED.
PETTIGREW, J. dissents with reasons.
FOGG, J., dissents for reasons assigned by PETTIGREW, J.

. Acts 1996, IstEx.Sess., No 7, § 3, eff. May 1, 1996, redesignated the former La. R.S. 4:536 (which was enacted pursuant to Acts 1991, No. 753, § 1) as La. R.S. 27:76.

. Louisiana revised statute 27:42(B) was formerly designated as La. R.S. 4:502(B).