STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

11-621


ANGELO BRACEY

VERSUS

CITY OF ALEXANDRIA



**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 239,468
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE

**********

**JIMMIE C. PETERS
JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED.**

**Daniel E. Broussard, Jr.**
**Broussard, Halcomb & Vizzier**
**P. O. Box 1311**
**Alexandria, LA 71309-1311**
**(318) 487-4589**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    Angelo Bracey


**Michael J. O'Shee**
**Steven M. Oxenhandler**
**Misty Shannon Antoon**
**Gold, Weems, Bruser, Sues & Rundell**
**P. O. Box 6118**
**Alexandria, LA 71307-6118**
**(318) 445-6471**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    City of Alexandria

**Brian D. Cespiva**
**The Cespiva Law Firm**
**711 Washington St.**
**Alexandria, LA 71301**
**(318) 448-0905**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Alexandria Municipal Fire & Police Civil Service Board**

PETERS, J.

The defendant, the City of Alexandria (City), appeals a trial court judgment affirming a determination of the Alexandria Municipal Fire and Police Civil Service Board (Civil Service Board), that an investigation by the City and the Alexandria Fire Department (Fire Department) into a firemen's alleged misuse of sick leave was untimely, rendering its termination of the firemen an absolute nullity. We affirm the trial court judgment.

## DISCUSSION OF THE RECORD

Angelo Bracey was an eighteen-year employee of the Fire Department. On October 13, 2009, he began taking sick leave based on a diagnosis of an unspecified type of depressive disorder by Dr. Edwin Urbi, an Alexandria psychiatrist. When Dr. Urbi released Mr. Bracey to return to work on January 7, 2010, he continued on sick leave based on an excuse from Dr. Robert K. Rush, an Alexandria occupational medicine doctor. At that time, Dr. Rush was treating Mr. Bracey for back and neck injuries he sustained in an automobile accident. Thereafter, Dr. Rush provided Mr. Bracey with three additional medical excuses from work based on his treatment of Mr. Bracey's cervical lumbar strain injury. As late as May 22, 2009, Mr. Bracey was receiving medical treatment from a Dr. Oas for injuries he claims to have received in a work-related accident on May 22, 2009.

Even before Dr. Urbi's release of Mr. Bracey, Bernard Wesley, the Fire Department Chief, initiated surveillance on him. In December 2009, Chief Wesley retained the services of Gravel Investigations, an Alexandria, Louisiana private investigation firm, to conduct the surveillance investigation. Gravel Investigations conducted surveillance between December 22 and December 23, 2009, and between February 1 and February 5, 2010, at the instruction of Chief Wesley.

Based on information obtained through the surveillance activities, Chief Wesley informed Mr. Bracey by letter dated February 16, 2010, that the Fire Department was commencing an investigation into his use of sick leave. Following this investigation, Chief Wesley and Alexandria Mayor Jacques Roy informed Mr. Bracey by an April 21, 2010 letter, that the City was terminating his employment based on several factors: dishonesty; his unwillingness to be available, deliberate omissions, and insubordination; sick-leave abuse; and violations of City rules and regulations and civil service law.

Mr. Bracey appealed his termination to the Civil Service Board, arguing, among other things, that the City's action against him was absolutely null as its investigation into the matter exceeded sixty days, contrary to the provisions of La.R.S. 33:2186. After a hearing on the timeliness issue only, the Civil Service Board dismissed the City's disciplinary action as being untimely. The City appealed this decision to the Ninth Judicial District Court, which affirmed the Civil Service Board's decision.[1]

In its appeal, the City raises three assignments of error:

1. The trial court erred as a matter of law by applying the "manifestly erroneous" standard of review instead of examining the matter *de novo*.

2. The trial court erred as a matter of law by affirming the Alexandria Municipal Police and Fire Civil Service Board's (the "Board") decision [sic] the City violated the 60-day investigative period under the statutes, regardless of the appropriate standard of review.

3. The trial court judgment violates public policy by prohibiting an appointing authority from conducting supervisory surveillance,

---

[1] Subsequent to the district court's decision, Mr. Bracey was reinstated by the City and returned to sick-leave status. On December 1, 2011, he was again terminated from his employment by the City, this time for exhausting his sick leave. Mr. Bracey appealed that decision to the Board, who affirmed his dismissal. His appeal to the district court is still pending at this time. Mr. Bracey and the Board have filed a joint motion to dismiss this appeal as being moot. However, this court, in a September 14, 2011 judgment, held that this matter is still relevant as the outcome of the second action is still pending and a dismissal of the current appeal might render the City remediless.

thereby allowing a classified employee to engage in improper conduct and waste public resources.

## DISCUSSION

The trial court issued extensive reasons for judgment, and we adopt the trial court's well-reasoned analysis as our own:

### Facts and Procedural History

Bracey was fired from the Alexandria Fire Department (ADF) in April of 2010 for making alleged inconsistent dishonest statements to the Fire Department, manipulation of sick leave, unwillingness to perform his duties, and breaching his obligation of diligently pursuing full recovery with [sic] his medical ailments. On October 13, [2009], Bracey went on extended sick leave for mental stress. On January 7, 2010, Bracey provided ADF with a release from mental stress sick leave and simultaneously submitted a different sick leave slip from a different doctor for injuries sustained by him in a car accident. He remained on sick leave until his termination. He filed an appeal with the Civil Service Board. On August 11, 2010, the Civil Service Board granted Bracey's Motion to Dismiss finding that the City did not complete its investigation timely.

On December 22 and 23, 2009, the Gravel Investigations, Inc. conducted video surveillance of Bracey at the request of ADF Chief Bernard Wesley. The Civil Service Board's opinion used December 22, 2009, as the start date of the investigation of Bracey. The City argues that because firemen at the Fire Department are given 52 weeks of sick leave each year, the fire employee is still subject to supervision and periodic monitoring while on sick leave. Chief Wesley testified that he authorized the December 22 and 23 surveillance simply to monitor and check on Bracey without any intentions of imposing discipline. Chief Wesley stated he simply filed these surveillance videos, which showed Bracey running errands, when he received them because they meant nothing to him at the time. Bracey was out on mental stress-leave. Chief Wesley had also authorized surveillance on other fire employees and did not take any disciplinary action on that basis for those employees. On February 1, 2010, Chief Wesley authorized new surveillance on Bracey. He did not receive video or reports from this surveillance until February or early March, 2010.

On February 16, 2010, Chief Wesley initiated the formal internal affairs investigation into possible misconduct by Bracey, and he sent Bracey an investigation letter accordingly. Chief Wesley testified that in mid-February, he became suspicious of Bracey's activities after receiving additional sick leave slips from Bracey, some of which contradicted other sick leave slips. Only after this did ADF interrogate Bracey. Chief Wesley contends that after the interrogation, he realized Bracey gave inconsistent statements and untruthful testimony, which caused him to go

back to the prior surveillance videos and reports. The City alleges that the formal investigation was concluded on April 13, 2010—56 days after it began. Bracey was discharged on April 21, 2010. Bracey appealed to the Civil Service Board on May 6, 2010. On August 11, 2010, the Civil Service Board convened a hearing and took evidence but did not decide the merits of the case, instead dismissing the disciplinary action because it was not completed timely. The Board heard the testimony of Bracey, [2] Mark Gravel, and Chief Wesley.

Memorandums were filed by the City, the Civil Service Board, and Bracey in support of their positions.

## Law and Argument

La. R.S. 33:2186 requires that any investigation of a fire employee under that statute shall be completed within sixty days, including the conducting of any pre-disciplinary hearing or conference.

The City argues that because the Civil Service Board's decision hinged on a matter of legal interpretation of La. R.S. 33:2186 and the merits of the case have never been ruled upon, the court should conduct a de novo review. *Guillot v. Louisiana Gaming Control Bd.*, 1998-1461 (La.App. 1 Cir. 10/26/99), 761 So.2d 561, 562. The Civil Service Board argues that the standard of review should be manifest error because it only made a factual determination as to when the investigation began. It argues that deference should be given to the factual conclusions of the Civil Service Board, and its decision should not be overturned if it is based on a valid legal basis.

The City also relies on *Middleton v. City of Natchitoches*, 06-1531 (La. App. 3 Cir. 4/4/07); 954 So.2d 356, in which the 3rd Circuit held that de novo review was the proper standard of review for a Civil Service Board decision granting a Motion for Summary Judgment. However, this court interprets *Middleton* to say that in appellate review of summary motions, the district court must conduct its review by using the same standards that the appellant court would apply. Accordingly, in *Middleton*, the court was bound to determine whether there were issues of material fact in dispute. If there were not, the court would affirm the trial court's granting of a Motion for Summary Judgment. The standard of review is still the same. In this instance, the Civil Service Board took evidence, considered that evidence, and made a ruling based upon its findings. Subsequently, this court's standard of review is manifest error. Under this standard, this court can only overturn the Civil Service Board's decision if it finds that it was manifestly erroneous, arbitrary and capricious.

The court finds that the Civil Service Board made a factual determination. It made a credibility call after hearing the testimony of

---

[2] Although the district court states that Mr. Bracey testified at the hearing before the Board, the only two witnesses to testify were Chief Wesley and Mark Gravel of Gravel Investigations, Inc.

4

Chief Wesley, Bracey, and Mark Gravel. Applying the manifest error doctrine, the court finds that the Civil Service Board's decision to dismiss the disciplinary action taken against Bracey should not be overturned.

With regard to the City's first assignment of error, we first note that the standard of review applying in civil service matters was set forth by the supreme court in *Mathieu v. New Orleans Public Library*, 09-2746, pp. 5-6 (La. 10/19/10), 50 So.3d 1259, 1262-63 (alteration ours):

> Appellate courts reviewing civil service disciplinary cases are presented with a multifaceted review function. *Bannister* [*v. Department of Streets*], 95-0404 at 8, 666 So.2d [641,] 647; *Walters* [*v. Department of Police of the City of New Orleans*], 454 So.2d [106,] 113 [(La.1984)]. Initially, deference should be given to the factual conclusions of the civil service commission. A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. *Bannister*, 95-0404 at 8, 666 So.2d at 647; *Walters*, 454 So.2d at 114. Then, the court must evaluate the commission's imposition of a particular disciplinary action to determine if it is both based on legal cause and is commensurate with the infraction; the court should not modify the commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. *Id.* "Arbitrary or capricious" means the absence of a rational basis for the action taken, *Bannister*, 95-0404 at 8, 666 So.2d at 647; "abuse of discretion" generally results from a conclusion reached capriciously or in an arbitrary manner, *Burst v. Board of Commissioners, Port of New Orleans*, 93-2069, p. 5 (La.App. 1 Cir. 10/7/94), 646 So.2d 955, 958.

This guidance directly refutes the City's first assignment of error that the trial court erred in applying the manifest error standard to the Civil Service Board's fact finding process. We find no merit in this assignment of error.

We also find no merit in the City's second and third assignments of error. Louisiana Revised Statutes 33:2181(B) provides the minimum standards applicable to an investigation of a fireman, one of which is notification in writing of the nature of the investigation prior to commencement of a formal investigation. La.R.S. 33:2181(B)(1). Additionally, La.R.S. 33:2186(A) provides in pertinent part that "[a]ny investigation of a fire employee which is conducted pursuant to this Subpart

5

*shall* be completed within sixty days, including the conducting of any pre-disciplinary hearing conference." (Emphasis added).

In this case, Gravel Investigations began its surveillance on December 22, 2009, and the formal investigation was not completed until April 13, 2010, or more than sixty days after the initial investigation began. The Civil Service Board rejected the City's assertion that the December surveillance was nothing more than ordinary supervision and monitoring of an employee. We find no manifest error in that factual determination.

## DISPOSITION

For the foregoing reasons, we affirm the district court in all respects. We assess all costs of this appeal to the City of Alexandria in the amount of $721.50. La.R.S. 13:5112.

**AFFIRMED.**