NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

12-819

MIA SKINNER

VERSUS

CITY OF NATCHITOCHES
POLICE DEPARTMENT, ET AL.

**********
APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. 84473, DIV. A
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy Howard Ezell, and J. David Painter, Judges.

AFFIRMED.

Cloyd Benjamin, Jr.
726-B Third Street
Natchitoches, LA 71457
COUNSEL FOR PLAINTIFF-APPELLANT:
    Mia Skinner

Russell Sylvester
P.O. Box 2059
Natchitoches, LA 71457
COUNSEL FOR DEFENDANT-APPELLEE:
    Natchitoches Municipal Fire and Police Civil Service Board

C.R. Whitehead, Jr.
P.O. Box 697
Natchitoches, LA 71457
COUNSEL FOR DEFENDANT-APPELLEE:
    City of Natchitoches

**PAINTER, Judge.**

Mia Skinner (Skinner) appeals the district court's affirmation of the termination of her employment by the City of Natchitoches Police Department. We affirm.

## FACTS AND PROCEDURAL HISTORY

Skinner was employed as a uniformed police officer by the City of Natchitoches Police Department (the Department). She was also employed doing security work at Natchitoches Regional Medical Center. Skinner was placed on paid administrative leave on November 28, 2007, due to an investigation of allegations that she had engaged in "doctor shopping" in violation of La.R.S. 40:971(B)(1)(i). Specifically, it was alleged that Skinner obtained prescriptions for the same drug, Alprazolam (the generic form of Xanax), from numerous doctors

Skinner's employment was terminated by letter dated January 22, 2008. Skinner was also criminally prosecuted; however, the charges against her were dismissed after the Louisiana Supreme Court suppressed the introduction of Skinner's prescription records because they were obtained without a warrant. *State v. Skinner*, 08-2522 (La. 5/5/09), 10 So.3d 1212.

Skinner appealed her termination to the Natchitoches Fire and Police Civil Service Board (the Board). The Board unanimously voted to uphold the termination. Skinner appealed that decision to the district court, which also affirmed the termination of Skinner's employment. This appeal followed.

## DISCUSSION

In *Bracey v. City of Alexandria*, 11-621, p. 5 (La.App. 3 Cir. 2/1/12), 84 So.3d 669, 673, this court has noted that:

> [T]he standard of review applying in civil service matters was set forth
> by the supreme court in *Mathieu v. New Orleans Public Library*, 09-2746,
> pp. 5-6 (La.10/19/10), 50 So.3d 1259, 1262-63 (alteration ours):
>
>> Appellate courts reviewing civil service disciplinary
>> cases are presented with a multifaceted review function.
>> *Bannister* [*v. Department of Streets*], 95-0404 at 8 [ (La.

> 1/16/96) ], 666 So.2d [641,] 647; *Walters* [*v. Department of Police of the City of New Orleans* , 454 So.2d [106,] 113 [ (La.1984) ]. Initially, deference should be given to the factual conclusions of the civil service commission. A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. *Bannister*, 95-0404 at 8, 666 So.2d at 647; *Walters*, 454 So.2d at 114. Then, the court must evaluate the commission's imposition of a particular disciplinary action to determine if it is both based on legal cause and is commensurate with the infraction; the court should not modify the commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. *Id.* "Arbitrary or capricious" means the absence of a rational basis for the action taken, *Bannister*, 95-0404 at 8, 666 So.2d at 647; "abuse of discretion" generally results from a conclusion reached capriciously or in an arbitrary manner, *Burst v. Board of Commissioners, Port of New Orleans*, 93-2069, p. 5 (La.App. 1 Cir. 10/7/94), 646 So.2d 955, 958.

Skinner advances the following assignments of error:

1. The City of Natchitoches Municipal Fire and Police Civil Service Board as well as the District Court acting as an Appeal Court committed error of law in failing to apply the case law applicable to Corporal Skinner's civil service appeal affirming and upholding the decision of the Municipal Fire and Police Civil Service Board and the appeal to the District Court.

2. The Municipal Fire and Police Civil Service Board as well as the District Court acting as a Court of Appeal committed manifest error of law in not applying the decision from the First Circuit Court of Appeal in *Caldwell v. Caddo Levee District*, 554 So.2d 1245 (La. App. 1 Cir., 1989)[, *writ denied*, 559 So.2d 126 (La.1990)].

3. The Municipal Fire and Police Civil Service Board as well as the Tenth Judicial District Court reviewing the matter as an Appeal Court committed error of law in not applying the provision of Article 1, Section 5 of the Louisiana Constitution which prohibited the introduction into evidence of the seizure of Corporal Mia Skinner's pharmaceutical records which formed the basis of her arrest and prosecution under the "Doctor Shopping" law. In addition the Municipal Fire and Police Civil Service Board as well as the Appeal Court committed error of law in not applying the provision of La. R.S. 13:3715.1 allowing evidence to be admitted at the hearing in violation of this statute concerning Corporal Mia Skinner's pharmaceutical and medical records.

4. The Municipal Fire and Police Civil Service acting as a Court of Appeal committed error of law, in allowing introduction of any evidence pertaining to Corporal Mia Skinner's pharmaceutical records and health records, all in violation of the provision of HIPPA.

All of Skinner's assignments of error rest on her assertion that her pharmaceutical and medical records were inadmissible in the civil service proceedings by virtue of the fact that these records were obtained without a warrant and were inadmissible in the criminal proceedings against her. In her first assignment of error, Skinner argues that the Board and the district court ignored the case law holding that the administrative finding must be based on competent evidence. We find this assignment of error to be without merit based on *Pullin v. Louisiana State Racing Comm'n*, 484 So.2d 105 (La.1986). In *Pullin*, after balancing "the likely social benefits of excluding unlawfully seized evidence against the likely social costs," our supreme court held that "the exclusionary rule does not apply in civil proceedings before the Louisiana State Racing Commission." *Id*. at 106, 108.

In Skinner's case, in its written reasons for judgment, the district court performed the balancing test and found that:

> As in Pullin, the duty of the police officers to enforce the criminal laws has been frustrated because the application of the exclusionary rule precludes possible criminal prosecution of Ms. Skinner. As in Pullin, this frustration of the police duties as an enforcer of the criminal law is a significant deterrent. That can also be extended to the State of Louisiana, through the office of the District Attorney, which apparently advised and assisted the police on the appropriate methods to use to obtain the prescription and medical information.

> Even though the same police department that investigated Ms. Skinner also sought her dismissal, the Court is of the opinion that applying the exclusionary rule in the civil proceeding is not likely to provide significant additional deterrents, and especially because of the deterrent effect on the State of Louisiana in defeating the prosecution. As in Pullin, on the cost side of the balance, the application of the exclusionary rule would require the Board to exclude relevant and reliable evidence. Besides this "traditional cost," the court is of the opinion that there is a significant social cost if the exclusionary rule is applied. The state of Louisiana and our society have a vital interest in maintaining the integrity of and public confidence in our police officers. The public is entitled to know that its officers will be truthful in their dealings with their own agency, that uniformed officers will not be soliciting prescriptions from doctors while on the job, will be complying with the rules and regulations of their department, and certainly that they won't be engaging in criminal conduct.

We agree and find that the prescription and medical evidence, although suppressed in the criminal proceedings, was properly before the Board.

Skinner's reliance on *Caldwell*, 554 So.2d 1245, is misplaced because in this case, Skinner's own testimony before the Board established that the she did in fact solicit prescriptions for the same drug from multiple doctors and that she was in uniform at least some of the time when she obtained prescriptions at the hospital. The Board also heard testimony from Captain Christopher Payne, who conducted the internal affairs investigation into Skinner's conduct. Skinner gave inconsistent statements during the investigation. Skinner's termination was not based on her arrest but was based on findings that she had made false statements, violated the rule governing personal conduct, and engaged in conduct unbecoming an officer. These violations were established by Skinner's own testimony before the Board.

## DECREE

We affirm the decision of the district court to uphold the termination of Skinner's employment with the Department. All costs of this appeal are assessed to Plaintiff-Appellant, Mia Skinner.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

4