ROBERT PITRE JR.     \*   NO. 2021-CA-0632

VERSUS       \*   COURT OF APPEAL

DEPARTMENT OF FIRE   \*   FOURTH CIRCUIT

             \*   STATE OF LOUISIANA

             \*

             \*
         \* \* \* \* \* \* \*

*TFL*

**LOVE, C.J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority opinion, in that I find NOFD's actions were timely and would uphold Mr. Pitre's termination.

The Commission's findings were as follows:

> As a threshold issue, the NOFD's discipline of Pitre must comply with the Firefighter's Bill of Rights. This Louisiana statute requires that any investigation of a fire employee be concluded within 60 days, with an exception for an extension of time. La. R.S. § 33:2186(A). The minimum standards during an investigation address the written notice to a fire employee (including the charges against the firefighter), recording of the interrogation, and the presence of counsel and/or a representative. La. R.S. § 33:2181. The Bill of Rights applies only to a "fire employee" defined as an employee of a fire department "under investigation with a view to possible disciplinary action, demotion, or dismissal." La. R.S. § 33:2181(A)(1). Any discipline imposed without strict compliance with the minimum standards is an absolute nullity. La. R.S. §33:2181(C).
>  Pitre's position is that the NOFD's investigation as to him began on July 8, 2020, when he was interviewed by the NOFD in connection with Ebbs's alleged accident pursuant to the July 8, 2020 Notice of a Formal Investigation. (Ex. NOFD-3). If such were the case, the NOFD's investigation, concluded on September 28, 2020, would not have been concluded within the statutorily required 60 days, resulting in all discipline being legally rendered an absolute nullity.
>  The undersigned Commissioners find that the July 8, 2020 Notice of a Formal Investigation (Ex. NOFD-3) is ambiguous on its face in that it does not state whether the investigation being conducted as of that date related to Ebbs, Pitre, or both. Given that ambiguity, the

1

undersigned Commissioners have reviewed all parol and written evidence submitted at the hearing before the Hearing Examiner in order to resolve this ambiguity. The undersigned Commissioners particularly find the testimony of Superintendent McConnell most compelling and convincing as to the resolution of this issue. As indicated above, Superintendent McConnell testified that Pitre was not being investigated before August 7, 2020 (Tr. at. 204). Thus, the NOFD's investigation was concluded within the required 60 days. To find that the investigation as to Pitre started on July 8, 2020, as Pitre contends, the undersigned Commissioners would have to conclude that McConnell's sworn testimony as to when the Pitre investigation started is not to be believed.

Upon reviewing the entire record, the undersigned Commissioners find that the Pitre investigation did not start before August 7, 2020, when Chief Hardy received the enhanced version of the video. (Tr. at 63). Although the July 8, 2020 Notification of a Formal Investigation and the interview of Pitre on that same date comply with the requirements of the Firefighter's Bill of Rights, NOFD was interviewing Pitre on July 8 as a witness in connection with the fact-finding investigation of Captain Ebbs for making false statements. The charges described in the July 8, 2020, letter (violation of Rule 5.2.1) are the charges regarding which Ebbs was being investigated as of that date, not Pitre. Therefore, the NOFD complied with the 60-day requirement of La. R.S. 33:2186(A) relative to the Pitre investigation in that the investigation did not start before August 7, 2020, and concluded on September 28, 2020.

In addition to the above issue, it is well-settled that, in an appeal before the Commission pursuant to Article X, § 8(A) of the Louisiana Constitution, the appointing authority has the burden of proving by a preponderance of the evidence: 1) the occurrence of the complained of activity, and 2) that the conduct complained of impaired the efficiency of the public service in which the appointing authority is engaged. *Gast v. Dep't of Police*, 2013-0781 (La. App. 4 Cir. 3/13/14), 137 So. 3d 731, 733 (quoting *Cure v. Dep't of Police*, 2007-0166 (La. App. 4 Cir. 8/1/07), 964 So. 2d 1093, 1094). The Commission has a duty to decide independently from the facts presented in the record whether the appointing authority carried its legally imposed burden of proving by a preponderance of evidence that it had good or lawful cause for suspending and terminating the classified employee and, if so, whether such discipline was commensurate with the dereliction. *Abbott v. New Orleans Police Dep't*, 2014-0993 (La. App. 4 Cir. 2/11/15); 165 So.3d 191, 197; *Walters v. Dept. of Police of the City of New Orleans*, 454 So. 2d 106 (La. 1984).

The undersigned Commissioners find that NOFD has carried its burden of showing the complained-of conduct. It is difficult to reconcile Firefighter Pitre's statements with the enhanced video evidence. Clearly, Pitre was cleaning the station instead of proceeding directly to a working fire. Further, the overhead doors go up and down a number of times - including on the bucket. However, at no time is the overhead door on Captain Ebb's legs or ankle. These apparent untruthful statements by Pitre impaired the efficient operation of the fire department, interfering with the investigation of Ebbs's worker's compensation claim. (Tr. at 274). Generally, NOFD must be able to rely on the statements of its fire personnel. The undersigned Commissioners further find that the penalty is commensurate with the dereliction. Pitre's appeal is DENIED.

### Timeliness

As to the standard of review for timeliness, the majority provides the following principles of law:

This Court acknowledges that "'deference will be given to the factual conclusions of the Commission.'" *Moran v. Dep't of Police*, 2018-0433, pp. 7-8 (La.App. 4 Cir. 10/10/18), 257 So.3d 749, 754 (quoting *Pope v. New Orleans Police Dep't*, 2004-1888, p. 6 (La.App. 4 Cir. 4/20/05), 903 So.2d 1, 4) (citation omitted). However, when the Commission's decision involves procedure and interpretation of laws we are not bound by the findings of the Commission. *Russell*, 2006-0346, pp. 7-8, 941 So.2d at 639-40. When the Commission applies incorrect principles of law, which are prejudicial, legal error occurs and this Court gives no special weight to the findings of the Commission. *Id*. We must exercise our constitutional duty to review questions of law and make a determination based on the record.

However, I find the Third Circuit's outline of the standard of review regarding the timeliness of an investigation assistive and persuasive. The Third Circuit found that the standard of review was manifest error because the Commission made factual determinations and credibility calls. *Bracey v. City of Alexandria*, 11-621, pp. 4-5 (La. App. 3 Cir. 2/1/12), 84 So. 3d 669, 673.

Regarding the Commission's finding of timeliness, the majority concludes:

The basis for Mr. Pitre's termination was his responses provided in the July 8, 2020 interview. As

3

stated above, the questions in the August 7, 2020 interview were practically identical to those posed in the July 8, 2020 interview. This finding supports Mr. Pitre's contention that he was under investigation as of July 8, 2020. Considering both the July 8, 2020 interview and July 8, 2020 notification letter, we conclude the Commission erred in determining that the investigation into Mr. Pitre did not commence on July 8, 2020 and timely complied with La. R.S. 33:2186(A).

Unlike the majority, I do not find that Mr. Pitre was under investigation as of July 8, 2020. The record lacks evidence that, as of July 8, 2020, Mr. Pitre, himself, was under investigation for making false statements. At the time of the July 8, 2020 interview, wherein Mr. Pitre was asked questions regarding the reported incident involving Captain Ebbs, NOFD was unaware that Mr. Pitre's statements were untrue.

However, On August 7, 2020, the enhanced version of the video was received. The video revealed that Mr. Pitre's previous statements were less than truthful. Mr. Pitre could not be interrogated or investigated for making false statements prior to NOFD discovering that he may have made false statements.

The Commission stated:

> The undersigned Commissioners find that the July 8, 2020 Notice of a Formal Investigation (Ex. NOFD-3) is ambiguous on its face in that it does not state whether the investigation being conducted as of that date related to Ebbs, Pitre, or both. Given that ambiguity, the undersigned Commissioners have reviewed all parol and written evidence submitted at the hearing before the Hearing Examiner in order to resolve this ambiguity. The undersigned Commissioners particularly find the testimony of Superintendent McConnell most compelling and convincing as to the resolution of this issue. As indicated above, Superintendent McConnell testified that Pitre was not being investigated before August 7, 2020 (Tr. at. 204). Thus, the NOFD's investigation was concluded within the required 60 days. To find that the investigation as to Pitre started on July 8, 2020, as Pitre contends, the undersigned Commissioners would have to conclude that McConnell's sworn testimony as to when the Pitre investigation started is not to be believed.

I agree. I find that Mr. Pitre was not being investigated for his own false

4

statements prior to August 7, 2020.[1]  Therefore, I do not find that the Commission committed manifest error by factually discerning that NOFD complied with the 60-day requirement of La. R.S. 33:2186(A).

*Termination*

Having found NOFD's actions were timely, I address whether NOFD met the burden of proof regarding Mr. Pitre's termination.

"The appointing authority has the burden of proving, by a preponderance of the evidence that the complained-of activity or dereliction occurred, and that such dereliction bore a real and substantial relationship to the efficient operation of the appointing authority." *Cure v. Dep't of Police*, 07-0166, p. 2 (La. App. 4 Cir. 8/1/07), 964 So. 2d 1093, 1094.  On appeal, "[t]he Commission has a duty to decide independently from the facts presented whether the appointing authority had good or lawful cause for taking the disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction." *Cittadino v. Dep't of Police*, 558 So. 2d 1311, 1314-15 (La. App. 4th Cir. 1990).  "Legal cause exists whenever an employee's conduct impairs the efficiency of the public service in which the employee is engaged." *Id.*, 558 So. 2d at 1315.  "Thus, '[t]he appointing authority must prove by a preponderance of the evidence the occurrence of the complained of activity and that the conduct impaired the efficient operation of the public service.'" *Narcisse*, 12-1267, p. 7, 110 So. 3d at 697 (quoting *Barquet v. Dep't of Welfare*, 620 So. 2d 501, 505 (La. App. 4th Cir. 1993)).

"The judicial review function in a matter appealed from a civil service commission is 'multifaceted.'" *Narcisse v. Dep't of Police*, 12-1267, p. 9 (La. App. 4 Cir. 3/6/13), 110 So. 3d 692, 697-98 (quoting *Walters v. Dep't of Police of New Orleans*, 454 So. 2d 106, 112 (La. 1984)).  Findings of fact made by the

---

[1] I also note that the usage of "boilerplate" language in the notification letters does not benefit either NOFD or employees/potential claimants.

Commission are reviewed using the manifest error/clearly wrong standard. *Narcisse*, 12-1267, p. 9, 110 So. 3d at 698. "A reviewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious or an abuse of the commission's discretion." *Walters*, 454 So. 2d at 113.

The Commission found:

> that NOFD has carried its burden of showing the complained-of conduct. It is difficult to reconcile Firefighter Pitre's statements with the enhanced video evidence. Clearly, Pitre was cleaning the station instead of proceeding directly to a working fire. Further, the overhead doors go up and down a number of times - including on the bucket. However, at no time is the overhead door on Captain Ebb's legs or ankle. These apparent untruthful statements by Pitre impaired the efficient operation of the fire department, interfering with the investigation of Ebbs's worker's compensation claim. (Tr. at 274). Generally, NOFD must be able to rely on the statements of its fire personnel. The undersigned Commissioners further find that the penalty is commensurate with the dereliction. Pitre's appeal is DENIED.

The objective video evidence depicted a scenario that did not align with Mr. Pitre's statements. Thus, the evidence revealed that Mr. Pitre offered untruthful statements. The Commission then found that these statements "impaired the efficient operation of the fire department" and interfered with NOFD's investigation of Captain Ebbs. Because of this, the Commission stated that NOFD could not count Mr. Pitre as a reliable member of the NOFD.

Termination may appear harsh, but was a disciplinary option. NOFD made the determination that termination was commensurate with the offense. The Commission found sufficient cause for NOFD's chosen discipline. Mr. Pitre's false statements represent a rational basis for the Commission's conclusions. As such, the Commission's findings were not arbitrary or capricious and did not constitute an abuse of discretion. Therefore, I would affirm Mr. Pitre's

6

termination.